IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>        Plaintiff,<br><br>    vs.<br><br>JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; JANE DOE 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO.CV04-00285 DAE BMK<br><br>DEFENDANTS GEORGE KLAUS, III, BRETT SCHELAND'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |

DEFENDANTS GEORGE KLAUS, III and
BRETT SCHELAND'S PETITION FOR
<u>DETERMINATION OF GOOD FAITH SETTLEMENT</u>

COMES NOW Defendants GEORGE KLAUS, III and BRETT SCHELAND by and through their attorneys, MIYAGI, NOHR & MYHRE, and pursuant to *Hawaii Revised Statutes*, §663-15.5, and respectfully petitions this Court to issue an order finding that the settlement between

Plaintiff LISA ROMERO and Defendants GEORGE KLAUS, III and BRETT SCHELAND is being made in good faith.

Defendants GEORGE KLAUS, III and BRETT SCHELAND further requests that this Honorable Court bar any and all claims for contribution and indemnity against Defendants GEORGE KLAUS, III and BRETT SCHELAND arising out of this action.

## I. SETTLING PARTIES

The Settling Parties are Plaintiff Lisa Romero (hereinafter "Plaintiff") and Defendants GEORGE KLAUS III and BRETT SCHELAND (hereinafter collectively "Klaus and Scheland").

## II. TERMS OF SETTLEMENT

The Settling Parties have agreed to the terms and conditions of a Settlement Agreement. Plaintiff has agreed to settle all of her claims against Klaus for the sum of $62,500.00 and her claims against Scheland for the sum of $62,500.00, $25,000.00 of the total settlement to be structured. Attached as Exhibits "A" and "B" are copies of the Settlement, Release and Indemnity Agreement for Defendant George Klaus III and Defendant Brett Scheland, respectively.

2

**III.     ARGUMENT**

    **A.     The Settlement Between Plaintiff Lisa Romero and Defendants George Klaus III and Brett Scheland was Made in Good Faith.**

Pursuant to *Hawaii Revised Statutes* (hereinafter "*HRS*"), §663-15.5(b), "a party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff or other Claimant and one or more alleged tortfeasors or co-obligors." In the case of an uncontested petition, the court may approve the settlement without a hearing. *Id*. If an objection is filed, then "[t]he party asserting a lack of good faith shall have the burden of proof on that issue." Therefore, in the case at hand, there is a presumption that the Settlement Agreement by Plaintiff and Defendants Klaus and Scheland is being made in good faith.

While *HRS,* Chapter 663 does not set forth the standard for a "good faith settlement," the California case, <u>Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.</u>, 213 Cal. R.P.T.. 256 (Cal. 1985) can offer us guidance. In that case, the Supreme Court of California construed the good faith provision of California's tort

3

contribution statute, which the Hawaii statute was modeled after. Stand. Com. Rep. No. 828, dated March 2, 2001.

The Supreme Court of California in *Tech-Bilt* enunciated the following factors for the court to consider in determining if a settlement is made in good faith:

>    1.  A rough approximation of Plaintiff's total recovery and the settlor's proportionate liability;
>
>    2.  The amount paid in settlement;
>
>    3.  The allocation of settlement proceeds among plaintiffs;
>
>    4.  The recognition that a settlor should pay less in settlement than he would if he were found liable at trial;
>
>    5.  The financial conditions and insurance policy limits of settling defendants;
>
>    6.  The existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants; and
>
>    7.  That the evaluation be made on the basis of information available at the time of settlement.

*Id*. at 263. With respect to these factors, the Supreme Court of California held that in order for an objecting party to show that a settlement is not in good faith,

4

that party must show "that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute," i.e., the encouragement of settlements and the equitable allocation of costs among multiple tortfeasors. *Id*. $62,500.00 is a fair settlement of Plaintiff's claims against Klaus and $62,500.00 is a fair settlement of Plaintiff's claims against Scheland reflecting that liability and damages are disputed by Klaus and Scheland and the potential that Plaintiff may recover nothing from Klaus and Scheland at trial. To the extent that the non-settling parties in this matter may object to the proposed settlement amount being unreasonably low, the Tech-Bilt Court cautioned that an objecting party does not necessarily establish bad faith merely by "showing that a settling defendant paid less than his theoretical proportionate or fair share." *Id*.

    The court stated that if that were the case, it would discourage settlements and "convert the pretrial settlement approval procedure into a full-scale mini trial" since "damages are often speculative, and the

5

probability of legal liability therefor is often uncertain or remote." *Id*.  Therefore, the first, second, and fourth factors are satisfied.

The third factor is irrelevant in this matter since there is only one plaintiff in this action.

With respect to the fifth factor, Klaus and Scheland submits that its policy limits are more than adequate to satisfy any judgment against them in this case.

In the case at bar, there is absolutely no evidence or indication of collusion, fraud, or tortious conduct aimed to injure the interests of the non-settling defendants.  All settlement negotiations were conducted at arms length.  The parties discussed the matter in good faith and reached the proposed settlement after a full consideration of the facts and circumstances available at the time. Klaus and Scheland began settlement negotiations which lead to this settlement after the mediation before Mediator Keith Hunter on February 24-25, 2005.  See Affidavit of Katharine M. Nohr.  Plaintiff was agreeable to settling with Klaus and Scheland.

## IV. CONCLUSIONS

Based on the foregoing, Klaus and Scheland respectfully request this Honorable Court enter an order finding that the settlement between Plaintiff and Klaus and Scheland is being made in good faith. Klaus and Scheland request that this Honorable Court bar any and all claims for contribution and indemnity against them arising out of this action.

DATED:   Honolulu, Hawaii, January 5, 2006.

*Katharine M. Nohr*
KATHARINE M. NOHR
Attorney for Defendants
GEORGE KLAUS, III and
BRETT SCHELAND