## JOINT TORTFEASOR RELEASE AND INDEMNITY AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

That LISA ROMERO (hereinafter "Releasor"), her heirs, executors, administrators and assigns, in consideration of the sum of SIXTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($62,500.00) paid by or on behalf of GEORGE KLAUS, III and UNITED SERVICES AUTOMOBILE ASSOCIATION in its capacity as insurer for GEORGE KLAUS III (hereinafter "Releasee"), the receipt of which sum is hereby acknowledged, hereby releases and forever discharges said Releasee, his heirs, executors, administrators, successors, employees, agents, assigns and successor administrators, from and on account of any and all claims, causes of action, demands, liability or damages of whatever kind and nature, whether known or unknown, which may now exist or in any manner arise or grown out of that certain January 1, 2003 incident that occurred at 111 Hauoli Street in Kailua, Hawaii in which Releasor was injured, including but not limited to those claims set forth in Civil No. 04-00285 filed in the United States District Court, State of Hawaii.

IT IS UNDERSTOOD AND AGREED that this payment is not an admission of negligence, liability or fault of any kind whatsoever but compromises and settles all disputes between the parties for the purpose of avoiding further controversy, litigation and expense and that said payment is the final consideration for this release and no other payment or consideration has been promised or will be paid.



EXHIBIT "A"

IT IS UNDERSTOOD AND AGREED that Releasor will hereafter desist in making any claims or demands based on the incident hereinabove mentioned against the persons or parties herein released.

IT IS SPECIFICALLY UNDERSTOOD AND AGREED by and between Releasee and Releasor that the consideration hereinabove recited is for non-economic general damages only arising from personal injuries and is not intended to compensate Releasor for any medical or rehabilitative expenses, loss of income, or any element of special damages but is intended to compensate the said Releasor for pain and suffering, mental and emotional distress, and other elements of future general damages that are uncertain in amount.  Provided, however, that the undersigned specifically agrees that in consideration of the payment above-recited, he intends to release and does hereby release Releasees of and from any and all claims that he may have against Releasee for all items of damage, whether general, exemplary, punitive or special, including claims for loss of income, and medical expenses.

IT IS FURTHER UNDERSTOOD AND AGREED that Releasor does hereby agree to defend and indemnify Releasee for any financial loss or damage to them including, but not limited to, reasonable attorney's fees and costs, in the event: (1) that any medical lienholder or medical subrogee asserts a claim against Releasee for satisfaction of a medical lien, or for reimbursement of a subrogation right, arising out of medical treatment afforded Releasor for the injuries claimed as a result of said incident, or (2) that

any other lienholder or subrogee asserts a claim against Releasee for satisfaction of a lien or reimbursement of a subrogation right, arising out of benefits afforded Releasor for the injuries claimed as a result of said incident.

AND FURTHER, while Releasor represents and acknowledges that she is unaware of any other possible tortfeasor for any claim he might have arising out to the above described incident, nonetheless it is further understood and agreed that:

1. This release shall operate as a joint tortfeasor release within the meaning of *HRS* §663-15.5, and shall operate to reduce to the extent of the percentage of negligence, strict liability or other fault of the persons and parties herein released, or by the amount of the consideration paid for this release, whichever shall be greater, any damages, judgment or award hereafter recovered or recoverable by Releasor in any lawsuit against any other tortfeasor by reason of the injuries or incident above described without the necessity of a hearing that this Joint Tortfeasor Release and Indemnity Agreement was given in good faith as provided by *HRS* §663-15.5

2. Releasor will aid and assist the persons and parties released herein in obtaining judgment, summary judgment or dismissal of any claims, cross-claims, or third-party actions that might be brought by or against them arising out of the incident hereinabove mentioned.

3. Releasor, for herself, her successors and assigns, covenants and agrees to defend, indemnify, and forever hold harmless the persons and parties released herein against all loss, expense, liability or cost hereinafter resulting from any claims,

3

cross-claims, demands, suits, proceedings or causes of action brought against the persons and parties released hereby by any person or party whatsoever claiming by, through or on behalf of Releasor in any civil action arising out of the above-mentioned incident.

IN WITNESS WHEREOF, I have hereunto set our hand this _____ day of _____, 2006.

"Releasor"

_____
LISA ROMERO


APPROVED AS TO FORM AND CONTENT:


_____
MICHAEL LIVINGSTON
Attorney for Releasor

Release and Indemnity Agreement

STATE OF _____ )
                                                ) SS.
CITY OF _____ )

      On this _____ day of _____, 2006, before me personally appeared LISA ROMERO to me known to be the person described in and who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed.

      Witness my hand and seal.

                                                _____
                                                Notary Public, State of _____
                                                _____ (print name)
                                                My commission expires: _____