Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

RANDALL Y.S. CHUNG      2929-0
WARD F.N. FUJIMOTO      4517-0
Suite 1400 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No.   (808) 536-3711
Email: info@triallawhawaii.com

Attorneys for Defendants
And Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 17 2006
at 2 o'clock and 47 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JEFFREY LOWE; LINDA LOWE;<br>MATTHEW RAY SEVERSON; BRETT<br>SCHELAND; BENJAMIN ALLEN WILDER;<br>MINDY WILDER; GEORGE KLAUS, III;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATION 1-10; DOE<br>PARTNERSHIPS 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>　　　　　Defendants<br><br>———————————————————<br><br>JEFFREY LOWE and LINDA LOWE,<br><br>　　　　　Third-Party<br>　　　　　Plaintiffs<br>　vs.<br><br>STEVEN J. KOTT and KOTT, INC.<br><br>　　　　　Third-Party<br>　　　　　Defendants. | CIVIL NO. CV04-00285 DAE BMK<br><br>DEFENDANTS JEFFREY LOWE AND<br>LINDA LOWE'S OBJECTIONS AND<br>STATEMENT OF POSITION REGARDING<br>DEFENDANTS BRETT SCHELAND AND<br>GEORGE KLAUS III'S PETITION FOR<br>DETERMINATION OF GOOD FAITH<br>SETTLEMENT AND DEFENDANT<br>MATTHEW RAY SEVERSON'S MOTION<br>FOR DETERMINATION OF GOOD FAITH<br>SETTLEMENT; AFFIDAVIT OF WARD<br>F. N. FUJIMOTO; EXHIBITS "A" --<br>"F"; CERTIFICATE OF SERVICE<br><br>Hearing Date: Jan. 18, 2006<br>Time: 2:30 p.m.<br>Judge: The Honorable<br>　　　　　Barry M. Kurren |

DEFENDANTS JEFFREY LOWE AND LINDA LOWE'S OBJECTIONS AND STATEMENT OF POSITION REGARDING DEFENDANTS BRETT SCHELAND AND GEORGE KLAUS III'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND DEFENDANT MATTHEW RAY SEVERSON'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

Come now Defendants and Third-Party Plaintiffs JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE Defendants"), by and through their attorneys, MATSUI CHUNG SUMIDA & TSUCHIYAMA, and, pursuant to Section 663-15.5 of the Hawaii Revised Statutes (hereinafter "HRS") and Local Rule 7.4 of the Local Rules of Practice for the United States District Court for the District of Hawaii,[1] hereby respectfully submit the following Objections and Statement of Position with regard to Defendants Brett Scheland And George Klaus III's Petition For Determination Of Good Faith Settlement (hereinafter "Scheland/Klaus Petition"), filed herein on December 5, 2005, and Defendant Matthew Ray Severson's Motion For Determination Of Good Faith Settlement (hereinafter "Severson Motion"), filed herein on January 13, 2006 (hereinafter individually and collectively referred to as "Subject Petitions" where appropriate).

---

[1] LOWE Defendants received notice on the afternoon of Friday, January 13, 2006, that the time for a hearing on the underlying Petition/Motion would be shortened to January 18, 2006. The instant Objections and Statement of Position is being submitted on the next business day after January 13, 2006 (January 12, 2006 being Martin Luther King day) and is well within the deadline for objections pursuant to HRS § 663-15.5. In light of relatively short notice with respect to the shortening of time, it is also respectfully requested that the Court consider these Objections and Statement Of Position notwithstanding the normal time constraints of Local Rule 7.4.

I.  INTRODUCTION/SUMMARY OF OBJECTIONS AND POSITION:

This action arises out of a dispute over liability, causation and damages in connection with Plaintiff LISA ROMERO's fall on New Years Eve, December 31, 2002/January 1, 2003, through an open fireman's pole/hole (hereinafter "Subject Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the second story of a residence on premises (hereinafter "Subject Property") located at 111 Hauoli Street, Kailua, Hawaii, owned by LOWE Defendants and leased to Defendants MATTHEW RAY SEVERSON, BRETT SCHELAND and GEORGE KLAUS III, BENJAMIN ALLEN WILDER, and former Defendants BENJAMIN ALLEN WILDER and MINDY WILDER HEBERT.  Despite strict instructions given by the LOWE Defendants to the tenants to refrain from removing or altering an iron safety railing surrounding the firepole/hole, Defendant SEVERSON removed the railing prior to the Subject Accident and Defendant KLAUS has admitted to his insurance company that he was aware of the removal of the railing prior to the Subject Accident.  Likewise, Plaintiff has admitted (at least to her UC-Berkeley Professor and mentor, Meredith Minkler, Ph.D.) that she was aware of the removal of the railing and, in fact, chastised Defendant SEVERSON for removing the railing, before the Subject Accident.

In the event that the Subject Petitions are granted, Plaintiff will have received a total of **$232,500**, calculated as

2

follows, in settlement proceeds despite her prior knowledge and substantial contributory negligence in this case:

| | |
|---|---|
| BENJAMIN ALLEN WILDER/MINDY WILDER | $  7,500 |
| BRETT SCHELAND/GEORGE KLAUS III | $125,000 |
| MATTHEW RAY SEVERSON | $100,000 |
| **TOTAL SETTLEMENT PROCEEDS:** | $232,500. |

As more fully set forth below:

A. To the extent that Plaintiff seeks a recovery against the LOWE Defendants in addition to the $232,500 she has already realized, the settlements underlying the Subject Petitions are not in "good faith" under the circumstances of this case. At a minimum, a ruling on the Subject Petitions should be deferred pending Defendants SEVERSON, KLAUS and SCHELAND's responses to financial solvency discovery.

B. In the event that the Subject Petitions are granted, BRETT SCHELAND, GEORGE KLAUS III and MATTHEW RAY SEVERSON should remain on the Special Verdict form, along with Plaintiff and the LOWE Defendants, for purposes of allocation of causative negligence at trial pursuant to HRS § 663-10.9.

C. In the event that the Subject Petitions are granted, BRETT SCHELAND, GEORGE KLAUS III and MATTHEW RAY SEVERSON will no longer be "persons against whom recovery is sought" for purposes of HRS § 663-31 and Plaintiff should be

3

barred from recovery against the LOWE Defendants to the extent that her negligence is greater than that of the LOWE Defendants.

      D.   Plaintiff's prior settlement proceeds should be subtracted from any verdict against the LOWE Defendants in this case.

   II.   <u>OBJECTIONS AND STATEMENT OF POSITION</u>:

      A.   <u>TO THE EXTENT THAT PLAINTIFF SEEKS ADDITIONAL RECOVERY BEYOND $232,500, THE SETTLEMENTS UNDERLYING THE SUBJECT PETITIONS ARE NOT IN GOOD FAITH FOR PURPOSES OF HRS § 663-15.5</u>

In <u>Troyer v. Adams</u>, 102 Hawai`i 399, 77 P.3d 83 (2003), the leading Hawai`i case on HRS § 663-15.5 determinations, the Hawai`i Supreme Court rejected the approach taken by California courts under <u>Tech-Bilt, Inc. v. Woodward-Clyde & Associates</u>, 38 Cal.3d 488, 213 Cal. Rptr. 256, 698 P.2d 159 (1985) as being too restrictive in its definition of "good faith" as well as the approach taken by some courts that a settlement is in "good faith" if it is not fraudulent or collusive. Instead, the Hawai`i Supreme Court adopted an intermediate "totality of the circumstances" standard in which a court should consider all relevant factors including the following:

> Thus, the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, <u>e.g.</u>, rear-end motor vehicle collision, medical malpractice, product

4

> liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; <u>(5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims;</u> (7) <u>the insurance policy limits and solvency of the joint tortfeasors</u>; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose. The foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith. On appeal the trial court's determination will be reviewed for abuse of discretion.

102 Hawai`i at 427, 77 P.3d at 111 (emphasis added). Thus, under <u>Troyer v. Adams</u>, the relative degree of fault of the settling tortfeasors, the amount of consideration paid to the settle the claims, and the insurance policy limits and solvency of the settling tortfeasors each remain as relevant factors in determining whether or not the settlements are in "good faith" and these factors mandate the denial of the Subject Petitions in the instant case.

    1.   <u>Relative Degrees Of Fault Of Settling Tortfeasors</u>. In the instant case, Plaintiff has not satisfied the requirements of FRCP Rule 26(a)(1) with regard to a

5

disclosure of damages calculations.[2]  Plaintiff's initial lump-sum settlement demand, made during a court-ordered mediation was in the amount of $2,250,000.

Unlike the facts of Troyer v. Adams, the Subject Petitions are filed on behalf of settling defendants bearing a relatively higher degree of fault than the LOWE Defendants and, aside from the highest degree of fault on the part of Plaintiff herself, settling defendants that bear the next highest relative degree of fault.  In the Court's November 3, 2005 Order (1) Granting Third-Party Defendants Steven J. Kott And Kott Inc.'s Motion For Summary Judgment Filed 3/31/05; (2) Granting In Part And Denying In Part Defendant Matthew Ray Severson's Motion For Summary Judgment Filed 3/23/05; (3) Granting In Part And Denying In Part In Part And Denying In Part Defendants Jeffrey Lowe And Linda Lowe's Motion For Summary Judgment Filed 3/7/05; and (4) Granting In Part And Denying In Part Defendants George Klaus III And Brett Scheland's Motion For Summary Judgment Filed 5/11/05 (hereinafter "Summary Judgment Order"), a copy of which is attached hereto as Exhibit "A" and incorporated by reference, the Court found that there were genuine issues of material fact as to the liability of Defendants SEVERSON, KLAUS and SCHELAND where Defendant SEVERSON removed the iron metal safety railing

---

[2] LOWE Defendants reserve the right to file one or more motions in limine to preclude reference to Plaintiff's damages.

6

around the firepole/hole and obscured the opening with a foam material and Defendants KLAUS and SCHELAND were joint possessors of the premises. Id. at 17-19, 26-28. In addition, in a statement taken after the Subject Accident, a copy of which is attached hereto as Exhibit "B", Defendant KLAUS admitted that he knew about Defendant SEVERSON's removal of the iron metal safety railing before the Subject Accident.

Despite the foregoing issues, the proposed settlement amounts -- $100,000 for Defendant SEVERSON, $62,500.00 for Defendant KLAUS, and $62,500 for Defendant SCHELAND -- each represent a small fraction of Plaintiff's prior settlement demand.

In addition to the LOWE Defendants' May 4, 2004 Cross-Claim against Defendants SEVERSON, KLAUS and SCHELAND, by letter dated April 23, 2004, a copy of which is attached hereto as Exhibit "C", LOWE Defendants tendered the defense and indemnity of the claims against them in this case to Defendant SEVERSON on the basis that any liability to Plaintiff would be based on Defendant SEVERSON's active negligence and, under principles of equitable indemnity, Defendant SEVERSON was obligated to defend and indemnify LOWE Defendants against Plaintiff's claims. See Saranillio v. Silva, 78 Hawai`i 1, 889 P.2d 685 (1995); Messier v. Association of Apartment Owners of Mount Terrace, 6 Hawai`i App. 525, 735 P.2d 939 (1987); Boudreau v. General Electric Co.,

2 Hawai`i App. 10, 625 P.2d 384 (1981); In re All Asbestos Cases, 603 F. Supp. 599, 606-07 (D. Hawai`i 1984) (applying Hawaii law); Gianquitti v. Sheppard, 53 Conn. App. 72, 728 A.2d 1133 (1999) (passive lessor was entitled to equitable indemnity from actively negligent lessee for liability arising from personal injuries due to a door that was under lessee's control); Pavon v. Rudin, 254 A.D.2d 143, 679 N.Y.S.2d 27 (1998) (passive landlord was entitled to equitable indemnity from actively negligent lessee for injuries resulting from door that was under lessee's control).

    Despite their obligation to defend the LOWE Defendants against Plaintiff's claims and their relatively higher degree of fault, Defendants SEVERSON, KLAUS and SCHELAND seek, in the Subject Petitions, to obviate their defense obligation pursuant to HRS § 663-15.5 and thereby injure the LOWE Defendants' interests in such a defense.

    2.   Insurance Policy Limits And Solvency.  Although Defendant SEVERSON'S proposed settlement is purportedly for the policy limits of his insurance policy ($100,000), Defendants KLAUS and SCHELAND's proposed settlements each leave $37,500 unpaid from their insurance policy limits, or a total of $75,000 that would otherwise be available to satisfy their indemnity obligations to the LOWE Defendants.  There is no factual or legal justification as to why Defendants KLAUS and SCHELAND's

8

remaining insurance coverage should not be available to satisfy their indemnity obligations owed to the LOWE Defendants. Additionally, the Subject Petitions are not supported by any information regarding the financial solvency of Defendants SEVERSON, KLAUS and SCHELAND. LOWE Defendants are serving, concurrently with this Objections and Statement Of Position, requests for answers to interrogatories seeking information regarding the financial solvency of Defendants SEVERSON, KLAUS and SCHELAND, copies of which are respectively attached hereto as Exhibits "D", "E", and "F".

Based on the totality of the circumstances, it is respectfully submitted that, to the extent that Plaintiff seeks a recovery greater than $232,500, the settlements underlying the Subject Petitions are not in good faith and the Subject Petitions should be denied. At a minimum, a ruling on the Subject Petitions should be deferred pending Defendants' SEVERSON, KLAUS and SCHELAND's responses to the foregoing financial solvency discovery. See City of Grand Terrace v. Superior Court, 192 Cal. App. 3d 1251, 1265, 238 Cal. Rptr. 119, 128 (1987).

    B.   DEFENDANTS SEVERSON, KLAUS AND SCHELAND SHOULD REMAIN ON THE SPECIAL VERDICT FORM.

As recognized by the Troyer v. Adams Court, HRS § 663-15.5 does not alter the intent of the Uniform Contribution Among

9

Tortfeasors Act to avoid the injustice of having one joint tortfeasor pay more than his or her fair share of damages. Likewise, it is fundamental under Hawaii law that no defendant should be held liable for damages that he/she did not cause. See Montalvo v. Lapez, 77 Hawai`i 282, 884 P.2d 345 (1994); Mitchell v. Branch, 45 Hawai`i 128, 131, 363 P.2d 969, 973 (1961). Toward that end, this Court possesses the discretion to include even non-parties on a special verdict form so that a proper apportionment of liability can be made. See Gump v. Wal-Mart Stores, Inc., 93 Hawai`i 417, 422, 5 P.3d 407, 412 (2000); Kaiu v. Raymark Industries, Inc., 960 F.2d 806 (9th Cir. 1992) (applying Hawai`i law); Wheelock v. Sport Kites, Inc., 839 F. Supp. 730, 734 (D. Hawai`i 1993) (applying Hawai`i law). Therefore, to the extent that the Subject Petitions are granted, Defendants SEVERSON, KLAUS and SCHELAND remain on the special verdict form so that a proper allocation of liability can be made.

In addition to the foregoing, the statutory abolition of joint and several liability (at least for non-economic damages) requires that Defendants SEVERSON, KLAUS and SCHELAND be on the special verdict form for purposes of determining statutory limitations on any joint and several liability. HRS § 663-10.9(3) provides that a tortfeasor whose percentage of causative negligence is less than twenty-five percent (25%)

shall only be liable for non-economic damages in direct proportion to the percentage assigned. In order to fairly determine the percentage that should be assigned to the LOWE Defendants based on any causative negligence, and whether LOWE Defendants are subject to joint and several liability for non-economic damages, HRS § 663-10.9 mandates that Defendants SEVERSON, KLAUS and SCHELAND should remain on the special verdict form.

Under these circumstances and based on the foregoing authorities, it is respectfully submitted that, in the event that the Subject Petitions are granted, Defendants SEVERSON, KLAUS and SCHELAND should remain on the special verdict form.

   C.   PLAINTIFF SHOULD BE BARRED FROM RECOVERY IN THE EVENT THAT HER NEGLIGENCE IS GREATER THAN ANY NEGLIGENCE ON THE PART OF THE LOWE DEFENDANTS.

HRS § 663-31 provides as follows:

> **Contributory negligence no bar; comparative negligence; findings of fact and special verdicts.** (a) Contributory negligence shall not bar recovery in any action by any person or the person's legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons <u>against whom recovery is sought</u>, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.

11

> (b) In any action to which subsection (a) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:
>
> (1) The amount of the damages which would have been recoverable if there had been no contributory negligence; and
>
> (2) The degree of negligence of each party, expressed as a percentage.
>
> (c) Upon the making of the findings of fact or the return of a special verdict, as is contemplated by subsection (b) above, the court shall reduce the amount of the award in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made; provided that if the said proportion is greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons <u>against whom recovery is sought</u>, the court will enter a judgment for the defendant.
>
> (d) The court shall instruct the jury regarding the law of comparative negligence where appropriate.

(Emphasis added).

In <u>Ozaki v. Association of Apartment Owners Of Discovery Bay</u>, 87 Hawai`i 265, 270, 954 P.2d 644, 649 (1998) a wrongful death action arising out of a murder of the plaintiff decedent (Dennis) by her ex-boyfriend (who defaulted and did not participate at trial), the jury's special verdict apportioned fault as follows: 5% to the decedent's negligence, 3% to the

Discovery Bay condominium association's negligence and 92% to the assailant's intentional conduct. Id. at 267, 954 P.2d at 646. Because the plaintiff decedent's negligence was greater than that of the Discovery Bay condominium association, the circuit court entered judgment in favor of the Discovery Bay condominium association and against the plaintiffs. Id.

On initial appeal, the Hawaii Intermediate Court of Appeals ("ICA") held, among other things, that the circuit court had erred in applying HRS § 663-31 to bar the plaintiff's claims against the Discovery Bay condominium association because of the presence of intentional tort claims in the action. Ozaki v. Association of Apartment Owners Of Discovery Bay, 87 Hawai`i 273, 954 P.2d 652 (Ct. App. 1998).

However, upon certiorari, the Hawaii Supreme Court reversed the portion of the ICA's decision that HRS § 663-31 applies only in actions which sound entirely in negligence as being a "grave error of law." Ozaki v. Association of Apartment Owners Of Discovery Bay, 87 Hawai`i 265, 266, 954 P.2d 644, 645 (1998). The Court held that "by its plain language, the statute requires that judgment be entered in favor of Discovery Bay, inasmuch as the jury's special verdict apportioned greater fault to Dennis (i.e., the decedent) than to Discovery Bay." Id. at 270, 954 P.2d at 269. Accordingly, the Court concluded that "inasmuch as the jury found Discovery Bay's negligence to be

less than that of Dennis, the circuit court correctly granted Discovery Bay's motion for final judgment pursuant to the special verdict." Id. at 271, 954 P.2d at 650.[3]

In the instant case, and in the event that the Subject Petitions are granted, the only "persons against who recovery is sought" for purposes of HRS § 663-31 will be the LOWE Defendants. Plaintiff will have obtained a recovery, and Plaintiff will no longer be seeking recovery against the settling defendants at trial.[4] Under these circumstances, and pursuant to Ozaki, Plaintiff will be barred from recovery if her negligence is greater than that of the LOWE Defendants.

> D. LOWE DEFENDANTS ARE ENTITLED TO AN OFFSET FOR SETTLEMENT PROCEEDS REALIZED BY PLAINTIFF.

HRS § 663-15.5(a)(3) requires that any claim against a non-settling tortfeasor be reduced by the amounts stipulated in the release, or the amount of consideration paid for it, whichever is greater. See also Gump v. Wal-Mart Stores, Inc., 93 Hawai`i 417, 5 P.3d 407 (2000) (holding that non-settling defendant is entitled to an offset for prior settlement proceeds realized by the Plaintiff). Therefore, to the extent that the

---

[3] The Ozaki Court additionally noted that "tautologically," the Discovery Bay condominium association could not be a "joint tortfeasor" for purposes of joint and several liability because HRS § 663-31 barred the claims asserted against it. See Ozaki v. Association of Apartment Owners Of Discovery Bay, 87 Hawai`i 265, 270-71 n.5, 954 P.2d 644, 649-50 n.5 (1998).
[4] Each of the settlements underlying the Subject Petitions are conditioned upon a release of liability.

Subject Petitions are granted, LOWE Defendants are entitled to an offset for all prior settlement proceeds realized by Plaintiff, in an amount not less than $232,500.

III. CONCLUSION:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully submitted that, the Subject Petitions should be denied or at least deferred pending Defendants SEVERSON, KLAUS and SCHELAND's responses to financial solvency discovery, and that in the event that the Subject Petitions are granted, Defendants SCHELAND, KLAUS and SEVERSON should remain on the Special Verdict form, Plaintiff should be barred from recovery against the LOWE Defendants to the extent that her negligence is greater than that of the LOWE Defendants, and Plaintiff's prior settlement proceeds should be subtracted from any verdict against the LOWE Defendants in this case.

DATED: HONOLULU, HAWAII, January 17, 2006

RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE