Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

RANDALL Y.S. CHUNG     2929-0
WARD F.N. FUJIMOTO     4517-0
Suite 1400 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No.     536-3711
Email: info@triallawhawaii.com

Attorneys for Defendants
And Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO, | CIVIL NO. CV04-00285 DAE BMK |
| Plaintiff, | DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND LINDA LOWE'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO DEFENDANT GEORGE KLAUS, III |
| vs. | |
| JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | Trial: November 8, 2005 |
| Defendants | |
| JEFFREY LOWE and LINDA LOWE, | |
| Third-Party Plaintiffs | |
| vs. | |
| STEVEN J. KOTT and KOTT, INC. | |
| Third-Party Defendants. | |

EXHIBIT E

DEFENDANTS AND THIRD-PARTY PLAINTIFFS
JEFFREY LOWE AND LINDA LOWE'S FIRST REQUEST FOR
ANSWERS TO INTERROGATORIES TO DEFENDANT GEORGE KLAUS, III

Come now Defendants JEFFREY LOWE and LINDA LOWE, by and through their attorneys, and hereby request that Defendant GEORGE KLAUS, III answer, under oath, in accordance with Section 663-15.5 of the Hawaii Revised Statutes, Rule 33 of the Federal Rules of Civil Procedure and LR 26.2 of the Local Rules Of Practice For The United States District Court for the District of Hawaii, the interrogatories served herewith, in accordance with the following instructions and definitions.

INSTRUCTIONS

1. In answering these interrogatories, said Defendant is required not only to furnish information available from his own knowledge and records, but also from information which is available to his attorneys, investigators, agents, consultants, experts, or anyone else acting on his behalf.

2. These interrogatories shall be deemed continuing, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, so as to require supplemental answers if said Defendant recalls further information between the time the answers are served and the time of trial. Answers may be inserted in the spaces provided in the Interrogatories. If for any reason additional space is necessary in answering any interrogatory, complete the

answers on additional sheets bearing the same number as the number of the interrogatory being answered.

       3.    PLEASE TAKE NOTICE that two (2) copies of the answers to the interrogatories must be served upon the undersigned within THIRTY (30) DAYS after the receipt of the interrogatories.

       4.    Please serve your interrogatory responses upon WARD F.N. FUJIMOTO, ESQ. of MATSUI CHUNG SUMIDA & TSUCHIYAMA, Suite 1400, Mauka Tower, 737 Bishop Street, Honolulu, Hawaii, 96813.

       5.    If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, please identify the information objected to by furnishing the following:

       (a)    its date of authorship or formulation;

       (b)    those persons participating in its formulation and/or authorship;

       (c)    the specific ground upon which your objection is based;

       (d)    the specific interrogatory request calling for such information; and

       (e)    a general description as to the nature, rather than the substance of the purportedly objectionable information.

Notwithstanding the assertion of your objection, any objection to information containing non-objectionable matter which is relevant and material to the interrogatory calling for it, must be disclosed, but that portion of the information for which the objection is asserted may be withheld provided the above-requested description is furnished.

6. Where exact data cannot be furnished, estimated data should be supplied to the extent possible. Where estimated data is used, it should be so indicated and an explanation as to the basis on which the estimate was made, and if possible the upper and lower boundaries of the estimate should be provided.

7. Where any interrogatory calls for information concerning an individual's ownership in any property, the required information should be given for both the individual's ownership interest, and stated separately, the ownership interest of members of that individual's immediate family i.e., husband or wife, children or grandchildren, parents or siblings.

## DEFINITIONS

1. "You" or "your" means and includes yourself and your agents, investigators, your attorneys and anyone else acting on your behalf.

2. "You" or "yours" refers, in the context of any responding party that is a corporation, to the corporation itself, its merged or acquired predecessors, its parent

entities, its subsidiaries, its affiliates, its divisions, its present and former officers, directors, agents, employees, attorneys, and insurance companies, and other persons acting or purporting to act on its behalf or on the behalf of its predecessors, subsidiaries, affiliates, or division.

3. "Person" includes a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

4. "Communication" means any contract, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was transmitted or transferred.

5. "Lawsuit" shall mean that certain lawsuit entitled Lisa Romero vs. Jeffrey Lowe, et al., Civil No. CV04-00285 DAE-BMK currently pending in the United States District Court For The District of Hawaii.

6. "Complaint" refers to the complaint filed by Plaintiff LISA ROMERO in this Lawsuit, and any amended complaints filed in this Lawsuit.

7. "Subject Accident", shall mean the events which are alleged in the complaint filed by said Plaintiff which is the subject of this lawsuit, leading up to her fall on January 1, 2003.

8. "Identify" or "identity", when used in reference to an individual person, means to state his or her full name and present or last known address, his or her present and/or last known position in business affiliation, and his or her position and business affiliation at the time in question.

9. "Identify" or "identity", when used in reference to a document, means to state the date and author, the author's current address, type of document (e.g., letter, memorandum, chart, etc.), or some other means of identifying it or its present location or custodian. If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

10. "Identify" or "identity", when used in reference to a conversation, meeting, conference or other oral communication, means to give the date and place thereof, the identity of the person or persons speaking, their current address(es), the identity of all persons present, their addresses, and the substance of such conversation, meeting, conference or other oral communication.

11. The terms "document" or "documents" means and include any and all:

(a) tangible things or items, whether handwritten, typed, printed, tape recorded, electronically

recorded, videotape recorded, visually reproduced, stenographically reproduced in any other manner;

 (b)  originals and all copies of any and all communications;

 (c)  writings of any kind whatsoever;

 (d)  data compilations, including applicable computer program(s), from which information can be obtained and translated, if necessary, by the respondent through detection devices and/or computer programs into reasonably useable form as defined in Rule 34 of the Federal Rules of Civil Procedure;

 (e)  books and pamphlets;

 (f)  microtape, microfilm, photographs, movies, records, recordings, tape recordings, and videotape recordings, stenographically or otherwise reproduced;

 (g)  diaries and appointment books;

 (h)  cables, wires, memoranda, reports, notes, minutes and interoffice communications;

 (i)  letters and correspondence;

 (j)  drawings, sketches, diagrams, prints, and charts;

 (k)  contracts or agreements;

 (l)  other legal instruments or official documents;

 (m)  published material of any kind;

6

   (n) engineering or scientific notebooks and data;

   (o) investigation or incident reports;

   (p) notes or summaries of conferences, meetings, discussions, interviews, or telephone conversations or messages;

   (q) drafts, copies, and/or draft copies of any of the above; and

   (r) copies of any of the above which contain notations and/or marks not found on the original.

  12. "Things" shall mean any and all tangible items in your possession or custody or control including any item you have had or intend to have analyzed, inspected, compared, checked, studies, researched, and/or tested and/or may use as an exhibit at trial.

  DATED: HONOLULU, HAWAII, January 17, 2006

*/s/ Randall Y.S. Chung*

RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE

INTERROGATORIES

1. State your full name, social security number, date of birth, and address.

   ANSWER:

2. As to each category below, identify and describe in detail each asset which you own or hold individually. For each asset you identify, also indicate its monetary amount; cash value or market value; name under which each account or fund is held; account number; and address where the asset is located or held, as applicable.

   ANSWER:

   a) Real Property
      (including, without limitation, all real estate, land, buildings, dwellings, homes, condominiums)

b) Personal Property
(including, without limitation, all tangible and intangible assets other than real property, such as chattels, money, other interests)

    i.    Cash

    ii.    Savings accounts

    iii.    Checking accounts

    iv.    Money-Market or Certificate of Deposit accounts

    v.    Stocks

    vi.    Mutual fund accounts

    vii.    Life Insurance policies

    viii.    Annuities

    ix.    Trust accounts or funds

    x.    Bonds

    xi.    Vested interest in retirement or pension funds

xii.   Vested interest in profit sharing plans or funds

xiii.  Jewelry and Art

xiv.   Vehicles (include make and year)

xv.    Partnership assets and property

xvi.   Net worth of business(-es) owned

xvii.  Inheritances

xviii. Misc.(all other Personal Property and Interests)

3.  As to each category below, identify and describe in detail each asset which you own or hold jointly with another person(s) or entity (-ties). For each asset you identify, also indicate its monetary amount; cash value or market value; names under which each account or fund is held; account number; and address where the asset is located or held, as applicable.

    ANSWER:

    a)  Real Property
        (including, without limitation, all real estate, land, buildings, dwellings, homes, condominiums)

    b)  Personal Property
        (including, without limitation, all tangible and intangible assets other than real property, such as chattels, money, other interests)

        i.   Cash

        ii.  Savings accounts

        iii. Checking accounts

        iv.  Money-Market or Certificate of Deposit accounts

        v.   Stocks

4

vi.     Mutual fund accounts

vii.    Life Insurance policies

viii.   Annuities

ix.     Trust accounts or funds

x.      Bonds

xi.     Vested interest in retirement or pension funds

xii.    Vested interest in profit sharing plans or funds

xiii.   Jewelry and Art

xiv.    Vehicles (include make and year)

xv.     Partnership assets and property

xvi.    Net worth of business(-es) owned

xvii.   Inheritances

      xviii. Misc. (all other Personal Property and Interests)

4. Identify the amounts and sources of all your income from December 2002 through the present, including, without limitation, employment income, overtime, bonuses, commissions, dividends, interest, rental income.

    ANSWER:

5.   Identify all insurance policies of any kind which you have held or which you hold, during the time period from December 2002 through the present. For each, provide the name of the insurance carrier or company, policy number, policy period, name(s) or policyholder(s), and name(s) of insured(s), and generally describe the type of insurance policy it is.

ANSWER:

6.   Other than those you have identified in response to interrogatory no. 5 above, identify any and all other insurance policies of any kind which you believe may apply to and/or provide coverage for the injuries and damages sustained in the January 1, 2003 subject accident. For each, provide the name of the insurance carrier or company, and name(s) of insured(s), and generally describe the type of insurance policy it is.

ANSWER:

7. Identify any and all releases, covenants, Mary Carter or settlement agreements or contracts, which cover or pertain to the January 1, 2003 subject accident.

ANSWER:

8

VERIFICATION

STATE OF _____    )
                             ) SS.
COUNTY OF_____   )

      GEORGE KLAUS, III, being first duly sworn on oath, deposes and says that the answers to the foregoing interrogatories are true to the best of his knowledge and belief.

                    _____
                    GEORGE KLAUS, III

Subscribed and sworn to before me this
_____ day of _____, 2006.

_____
_____(print name)
Notary Public, State of _____

My commission expires: _____