IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO, | Civil No. CV04-00285 JMS BMK |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; ET AL.; | |
| Defendants. | |
| JEFFREY LOWE and LINDA LOWE, | |
| Third-Party Plaintiffs, | |
| vs. | |
| STEVEN J. KOTT and KOTT, INC., | |
| Third-Party Defendants. | |

Motion for Approval of Good Faith Settlement.doc (50-420)

**DEFENDANT MATTHEW RAY SEVERSON 'S MEMORANDUM IN SUPPORT OF MOTION**

COMES NOW Defendant MATTHEW RAY SEVERSON, by and through his attorneys, Motooka Yamamoto Revere and pursuant to Hawaii Revised Statutes § 663-15, and respectfully petitions this Court to issue an Order finding that the settlement between Plaintiff LISA ROMERO and Defendant MATTHEW RAY SEVERSON is being made in good faith.

Defendant MATTHEW RAY SEVERSON further requests that this Court bar any and all claims for contribution and indemnity against Defendant MATTHEW RAY SEVERSON arising from this action.

## I.   SETTLING PARTIES

The settling parties are Defendant MATTHEW RAY SEVERSON ("Defendant Severson") and Plaintiff LISA ROMERO ("Plaintiff").

Defendant GEORGE KLAUS ("Defendant Klaus") and Defendant BRETT SCHELAND ("Defendant Scheland") have also reached a proposed settlement with Plaintiff. Counsel for Defendant Klaus and Defendant Scheland has likewise filed a motion for determination of good faith settlement.

Plaintiff's claims against any other Defendants, including JEFFREY LOWE and LINDA LOWE, still remain in this case.

## II.  BASIS FOR SETTLEMENT, SETTLEMENT TERMS AND SETTLEMENT AMOUNT

The accident from which this case arises occurred on the night of New Year's Eve 2002/New Years Day 2003. Plaintiff flew in to Hawaii with the intention of staying with her then boyfriend, Defendant Severson, in his second floor bedroom of the 111 Hauoli Street Home in Kailua ("Residence") for an intended three-week visit. The house that Severson and his roommates rented contained a hole in Severson's second floor bedroom with a "fire pole" and "hole"

that lead to the living room. There was a railing around the hole that Defendant Severson removed in October/November 2002, so that he could fit a newly purchased desk in the room. After going to bed on New Year's Eve, Plaintiff awoke and intended to go to the bathroom but instead she admittedly went the wrong way and fell down the hole that was located in the corner of Defendant Severson's bedroom.

As result of the above-described events, Lisa Romero is alleged to have personally suffered serious and permanent physical and incurred medical expenses and lost wages.

At all times relevant, Defendant Severson had a renters protection policy with United Services Automobile Association ("USAA") with personal liability limits of $100,000 per occurrence. Defendant Severson had no other applicable insurance at the time of the accident.

Attached as Exhibit "A" is the draft Joint Tortfeasor Release and Indemnity Agreement contemplated between the settling parties. The terms include, but are not limited to, (1) payment in the amount of $100,000.00 to Plaintiff LISA ROMERO in general damages only, (2) the execution by Plaintiff of the Release and Indemnity Agreement in favor of Defendant Severson, (3) and the execution of the Stipulation for Dismissal with Prejudice of All Claims by Plaintiff against Defendant Severson.

## III. THE SETTLEMENT IS MADE IN GOOD FAITH

### A. The Statutory Provision

The provisions related to good faith determination of a settlement are set forth in Hawaii Revised Statutes, Section 663-15.5, which states in pertinent part:

> (a) A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:
>
> (1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;
>
> (2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal or covenant, or in the amount of the consideration paid for it, whichever is greater, and
>
> (3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.
>
> This subsection shall not apply to co-obligors who have expressly agreed in writing to an apportionment of liability for losses or claims amongst themselves.
>
> (b) For purposes of subsection (a), any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, serving notice to all other known joint tortfeasors or co-obligors. Upon a showing of good cause, the court may shorten the time for

4

>giving the required notice to permit the determination of the issue before the commencement of the trial of the action, or before the verdict or judgment if settlement is made after the trial has commenced.
>
>The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount.

The notice, petition, and proposed order shall be served as provided by rules of court or by certified mail, return receipt requested. Proof of service shall be filed with the court. Within twenty-five days of the mailing of the notice, petition and proposed order, a nonsettling alleged joint tortfeasor or co-obligor may file an objection to contest the good faith of the settlement. If none of the nonsettling alleged joint tortfeasors or co-obligors files an objection within the twenty-five days, the court may approve the settlement without a hearing. An objection by a nonsettling alleged joint tortfeasor or co-obligor shall be served upon all parties. A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on the issue.

See Hawaii Revised Statutes, Section 663-15.5 (2003).

B.   The Totality of Circumstances Under *Troyer*

Examining this statutory provision, the Hawaii Supreme Court, in *Troyer v. Adams*, 102 Haw. 339, 77 P.3d 83 (2003), adopted the "totality of the circumstances" analysis. This approach is grounded in the underlying notion that HRS Section 663-15.5 is intended to encourage settlement and the good faith provision is meant to "merely provide the court with an opportunity to prevent

5

collusive settlements aimed at injured the interests of non-settling joint tortfeasors". Id. at 110, 77 P.3d at 426.

The court explained:

> In sum, we conclude that the legislature's goals of simplifying the procedures and reducing the costs associated with claims involving joint tortfeasors, while providing court with opportunity to prevent collusive settlements aimed at injuring non-settling tortfeasors' interests, are best served by leaving the determination of whether a settlement is in good faith to the sound discretion of the trial court in light of the totality of the circumstances surrounding the settlement.
>
> Thus, the trial court may consider the following factors to the extent that they are known at the time of the settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that he plaintiff seeks; (3) the strength of the plaintiff's claims and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship amount the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose. The foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith. On appeal, the trial court's determination will be reviewed for abuse of discretion.

Here, given the totality of the circumstances, the settlement has been in no way collusive or intended to injure any other non-settling joint tortfeasors. The settlement was negotiated for Defendant Severson's personal liability coverage in

the amount of the USAA policy limits. This settlement was reached with the assistance and support of a neutral mediator, Mr. Keith Hunter.

In the interest of justice and economy, Defendant Severson respectfully requests that this Court make a determination that the settlement between Defendant Severson and Plaintiff is made in good faith and discharge Defendant Severson from all liability for any contribution to Plaintiff and any other joint tortfeasor and that such order is issued as timely a manner as possible for purposes of discharging Defendant Severson from any continued participation in the scheduled trial of this matter. This motion is not made to delay or harm any non-settling defendant and is made in the interest of justice and efficiency for the purposes intended by the statute. This settlement will promote the legislature's intended purpose of reducing costs associated with claims involving joint tortfeasors.

## IV. CONCLUSION

Based upon the foregoing, Defendant Severson respectfully requests that this Court make a determination and enter an order finding that the settlement between Defendant Severson and the Plaintiff is made in good faith. Defendant Severson further respectfully requests that this Court bar any and all claims for contribution and indemnification against him arising out of this action.

DATED: Honolulu, Hawaii,     JAN 12 2006

*[signature]*

TERRANCE M. REVERE
JACQUELINE E. THURSTON

Attorneys for Defendant
MATTHEW RAY SEVERSON