## JOINT TORTFEASOR RELEASE AND INDEMNITY AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

The undersigned, LISA ROMERO, for herself and her heirs, administrators, executors, personal representatives, subrogees, and assigns (hereinafter referred to as "Releasor"), in consideration of the total sum of $100,000.00 (ONE HUNDRED THOUSAND AND 00/100 CENTS), in general damages only, the receipt and sufficiency of which is hereby acknowledged, does hereby release, acquit, and forever discharge MATTHEW RAY SEVERSON and his heirs, administrators, executors, personal representatives, assigns, insurers, attorneys, UNITED SERVICES AUTOMOBILE ASSOCIATION (hereinafter collectively referred to as "Releasee"), of and from any and all past, present, or future claims, demands, obligations, actions, causes of action, liability or liabilities, claims, rights, damages, losses, costs, expenses, liens, and compensation of any nature whatsoever, which the Releasor now has or may have, whether now known or whether anticipated or not, resulting from, arising out of, or to arise out of, or connected with, directly or indirectly, any of the following:

(1)　　That certain fall involving Releasor which occurred on or about January 1, 2003, at 111 Hauoli Street in Kailua, County of Honolulu, State of Hawaii ("Accident"); and/or

(2)　　Any and all known or unknown claims and causes of action alleged in, referred to, or alluded to in those certain actions designated as Civil No. 04-00285 filed in the United States District Court, State of Hawaii ("Lawsuit").

EXHIBIT A

AND IT IS FURTHER AGREED AND UNDERSTODD that this Agreement shall be and operate as a joint tortfeasor release in accordance with Chapter 663, Part II, Hawaii Revised Statutes, so as to so as to reduce Releasor's recovery against other joint tortfeasors in the amount of the consideration paid by Releasee or to the extent of the pro rata share of Releasee's liability, whichever is greater, as provided by Section 663-15, Hawaii Revised Statutes.

FURTHERMORE Releasor agrees to aid and assist the Releasee in obtaining judgment, summary judgment or dismissal of any claims, cross-claims, or third-party actions that might be brought by or against him arising out of the Accident and/or Lawsuit.

IT IS UNDERSTOOD AND AGREED that this payment is made to compromise a disputed claim and settle and terminate all claims for injuries, disabilities, damages, benefits, losses, or expenses of whatsoever nature, known or unknown, in any way growing out of or which may hereafter in any way grow out of or be connected with the Accident and/or Lawsuit.

IT IS FURTHER UNDERSTOOD that the aforementioned amount is compensation for general damages only and is not duplicative of any other benefits that may have been received by Releasor.  Provided, however, that Releasor hereby releases Releasee from any and all claims Releasor may have against Releasee for any and all items of damages, whether general, special, punitive or other damages.

IT IS FURTHER UNDERSTOOD by the Releasor that this Agreement terminates any and all disputes, demands, claims, controversies, actions, causes of action, liabilities, injuries, or damages (including but not limited to property damages), past, present, and future, which Releasor had, has, or may have, against Releasee in, related to, arising out of, resulting from, or occurring from the Accident and/or Lawsuit.

IT IS FURTHER UNDERSTOOD by the Releasor that this Agreement may be pleaded as a full and complete defense to, and may be used as a basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted, or attempted by any of the parties with respect to the Accident and/or Lawsuit.

Inasmuch as all of the injuries, damages, and losses may not be fully known and hence may be more numerous or more serious than is now understood or expected, Releasor understands and agrees that this Agreement releases any and all injuries, damages, and losses resulting from the claims being released even though now unanticipated, unexpected, and unknown, as well as all injuries, damages, and losses which have already developed and which are now known and anticipated.

IT IS FURTHER UNDERSTOOD by the Releasor that no representation of fact or opinion has been made by the Releasee or by anyone on the Releasee's behalf, to induce this compromise, and that this compromise is made by the Releasor with full knowledge of the facts and possibilities of any lawsuit or other

proceeding, commenced or that could be commenced, and with the advice of counsel, and that the payment to be made pursuant to this Agreement is paid solely by way of compromise and settlement of all disputes between the parties to avoid further controversy, litigation, and expense, and that said payment is the final consideration for this Agreement and no other payment has been promised or will be paid.

AND, FOR THE FOREGOING CONSIDERATION, the Releasor agrees to defend, indemnify, and hold harmless the Releasee against loss or liability from any and all claims, liens (including but not limited to, any state or federal liens), demands, or actions that have or may hereafter at any time be made or brought against the Releasee by Releasor or anyone claiming by or through Releasor for damages on account of the loss or injuries sustained or which may be sustained by the Releasor which are connected or related to the Accident and/or Lawsuit.

The Releasor further understands and agrees that the aforementioned indemnification includes the payment and satisfaction of claims by all persons or entities who have claimed or in the future may claim that they have money due and owing to them from this settlement including but not limited to claims by persons or entities who have paid on behalf of or to the Releasor any benefits such as medical benefits, disability benefits, cost of care or maintenance, worker's compensation benefits, and any and all costs and expenses related to the Accident and/or Lawsuit.

The Releasor further agrees to execute and file in the Lawsuit a stipulation for dismissal with prejudice as to all claims against Releasee.

This document may be executed in counterparts. Facsimile or photocopied signatures shall be as valid as original signatures.

The undersigned have read and signed this Release and Indemnity Agreement on the date specified below.

## NOTE: READ ABOVE BEFORE SIGNING

_____         DATED: _____

LISA ROMERO

APPROVED AS TO FORM:

_____

MICHAEL LIVINGSTON

Attorney for Plaintiff
LISA ROMERO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>     Plaintiff,<br><br>vs.<br><br>JEFFREY LOWE; LINDA LOWE;<br>MATTHEW RAY SEVERSON;<br>BRETT SCHELAND; BENJAMIN<br>ALLEN WILDER; MINDY WILDER;<br>GEORGE KLAUS, III; ET AL.;<br><br>     Defendants.<br>_____<br>JEFFREY LOWE and LINDA LOWE,<br><br>     Third-Party Plaintiffs,<br><br>vs.<br><br>STEVEN J. KOTT and KOTT, INC.,<br><br>     Third-Party Defendants. | Civil No. CV04-00285 JMS BMK<br><br>ORDER DETERMINING<br>SETTLEMENT TO BE IN GOOD<br>FAITH |

Motion for Approval of Good Faith Settlement.doc (50-420)

## ORDER DETERMINING
## SETTLEMENT TO BE IN GOOD FAITH

Defendant MATTHEW RAY SEVERSON ("Defendant Severson") having

filed on or about _____, 2006, Defendant Severson's Motion

for Determination of Good Faith Settlement; said petition having regularly come

on for hearing before the Honorable Barry M. Kurren in his courtroom on

_____, 2006, at _____ ___.m.; Plaintiff Lisa Romero being

represented by Michael Livingston, Esq., Defendants George Klaus, III, Brett Scheland, Benjamin Allen Wilder and Mindy Wilder nka Mindy Hebert being represented by Katharine M. Nohr, Esq., Defendants Jeffrey Lowe and Linda Lowe being represented by Ward F.N. Fujimoto, Esq., Defendant Matthew Ray Severson being represented by Jacqueline E. Thurston, Esq., and Third-Party Defendants Steven J. Kott and Kott, Inc. being represented by Joelle Segawa Kane, Esq.; the Court having reviewed the motion and memoranda submitted by the parties, and after having heard and considered the argument of counsel and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the settlement between Plaintiff Lisa Romero and Defendant Matthew Ray Severson has been entered into in good faith.

IT IS FURTHER ORDERED that as a result of the finding of good faith and pursuant to Hawaii Revised Statutes § 663-15.5, Defendant Severson is discharged from all liability for any contribution to any other joint tortfeasor or co-obligator.

This order may be approved as to form in counterparts.

DATED: Honolulu, Hawaii,    _____.


_____
JUDGE OF THE ABOVE-ENTITLED COURT

2

APPROVED AS TO FORM:


_____
MICHAEL LIVINGSTON
Attorney for Plaintiff
LISA ROMERO


_____
WARD F.N. FUJIMOTO
Attorney for Defendants
JEFFREY LOWE and LINDA LOWE


_____
KATHARINE M. NOHR
Attorney for Defendants
GEORGE KLAUS, III, BRET SCHELAND,
BENJAMIN WILDER, and MINDY WILDER
nka MINDY HEBERT


_____
*Romero v. Lowe, et al.;* Civil No. CV04-00285 DAE BMK; Order Determining
Good Faith Settlement