IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO, | Civil No. CV04-00285 JMS BMK |
| Plaintiff, | DECLARATION OF COUNSEL |
| vs. | |
| JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; ET AL.; | |
| Defendants. | |
| JEFFREY LOWE and LINDA LOWE, | |
| Third-Party Plaintiffs, | |
| vs. | |
| STEVEN J. KOTT and KOTT, INC., | |
| Third-Party Defendants. | |

Ex Parte Motion to Shorten Time for Hearing on Motion for Approval of Good Faith Settlement.doc (50-420)

## **DECLARATION OF COUNSEL**

The undersigned hereby declares that:

1.    I am an attorney licensed to practice law before all the courts of the state of Hawaii and one of the attorneys for Defendant Matthew Ray Severson ("Defendant Severson") in the above captioned matter.

2.    I have personal knowledge of the matters set forth herein, am competent to testify thereto, and make this Declaration in Support of Defendant

Severson's Motion to Shorten Time for Hearing on his Motion for Determination of Good Faith Settlement.

3.  In consideration of $100,000.00, Plaintiff LISA ROMERO ("Plaintiff") has agreed to release, defend, indemnify, and hold harmless Defendant Severson against loss or liability from any and all claims, liens, demands, or actions that have or may hereafter at any time be made or brought by Plaintiff or anyone claiming by or through Plaintiff for damages on account of the loss or injuries allegedly sustained or which may be sustained by the Plaintiff which are connected or related to the accident involving Defendant Severson that occurred on New Year's Eve 2002/New Year's Day 2003 at 111 Hauoli Street Home in Kailua ("Accident").

4.  The settlement offer of $100,000 represents Defendant Severson's total liability policy in this matter.  Defendant Severson's policy limits offer was first made to Plaintiff prior to May 2004.  Defendant Severson's policy limits offer to Plaintiff was communicated and known by all parties since the onset of this litigation.

5.  Despite Defendant Severson's policy limits offer to Plaintiff since the onset of this litigation, it was only recently that Plaintiff accepted the offer.  The acceptance by Plaintiff of Defendant Severson's policy limits offer of $100,000

was first communicated to the undersigned via telephone by the mediator, Keith Hunter, on January 10, 2006.

6.    Immediately upon learning of the acceptance by Plaintiff of Defendant Severson's policy limits offer, the undersigned immediately prepared the Motion for Determination of Good Faith Settlement (filed simultaneously) in this matter to expedite the full and final resolution of this matter without further cost and expense.

7.    The following oral depositions are currently scheduled this week and the week of January 23, 2006 in this case:  mainland depositions of Thomas Yankowski on January 12, 2006; Illene Dillon on January 12, 2006; and Jeffrey Randall on January 12, 2006.  The three of those depositions are to be conducted in the San Francisco, California area.  As previously arranged, the undersigned is appearing at those depositions via telephone.  These depositions were noticed by Ward Fujimoto, Esq., counsel for Defendants Jeffrey and Linda Lowe.  Mr. Fujimoto is currently in San Francisco, California to conduct these depositions.  It is expected that he will return to the island on or by January 13, 2006.  Plaintiff's counsel in California, Jeffrey Carter, Esq., has made personal appearances at the depositions in San Francisco, California.

The mainland depositions scheduled for the week of January 23, 2006 include the following witnesses and locales: Angela Constanza on January 23,

2006 in Virginia Beach, Virginia; Dr. Patricia Bauman on January 24, 2006 in Atlanta, Georgia; Sherie Sierra on January 25, 2006 in Las Cruces, New Mexico; Alice and Gilbert Romero on January 26, 2006 in Sante Fe, New Mexico; and Richard Gill and Robert Griswold on January 27, 2006 in Los Angeles, California. The undersigned had intended to attend some of the above mainland depositions via telephone and others in person. It is the undersigned's understanding that Plaintiff's counsel, Michael Livingston, Esq., had likewise planned to attend some of the above depositions via telephone and others in person. It is the undersigned's understanding that Mr. Fujimoto had planned to attend all above depositions in person.

8.     Given the Mainland deposition trips scheduled in this matter the week of January 9, 2006 and the week of January 23, 2006, it is our understanding that counsel for all parties will only be present in Honolulu, Hawaii for an expedited hearing sometime the week of January 16, 2006, and respectfully requests the court schedule the expedited hearing at that time to allow all counsel to be present at the hearing. It is the undersigned's understanding that counsel for Defendants George Klaus and Brett Scheland, Katherine Nohr, Esq., was not planning to attend any of the mainland depositions in person and therefore, presumably, she would be present in Honolulu, Hawaii at all times relevant in this matter.

9.      Furthermore, trial is scheduled to commence in this case on February 28, 2006.  Therefore, there are numerous pre-trial deadlines quickly approaching and much trial preparation (including but not limited to the critical deadlines at the end of January 2006 for the deadline for Final Pretrial Statements, a February 7, 2006 deadline for exchange of exhibits and 9 a.m. Final Pretrial Conference with the Court as well on February 7, 2006; and lastly a February 14, 2006 deadline for the filing of motions in limine) that would need to be done if Defendant Severson's Motion for Determination of Good Faith Settlement with Plaintiff Lisa Romero is not heard and determined in a expedited fashion.

10.     Defendant Severson respectfully requests that this Court shorten time for hearing on his Motion for Determination of Good Faith Settlement and that the Court review the Motion immediately, so that Defendant Severson will not be prejudiced by having to continue to incur legal expenses for preparation and attendance at the upcoming mainland oral depositions nor incur the legal expenses associated with trial preparation given the upcoming trial set for February 28, 2006.

11.     All counsel was advised via e-mail on January 10, 2006 of Plaintiff's acceptance of Defendant Severson's policy limits in the amount of $100,000.  At the time of the filing of this motion, none of the parties have given any indication

that they will oppose the Motion.  Plaintiff has indicated that she will file a joinder to the Motion.

12.    Accordingly, the other parties will suffer no prejudice by the Court shortening time on the hearing of this matter and ruling on Defendant Severson's motion.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

DATED: Honolulu, Hawaii,    _____JAN 1 2 2006_____.

_____

JACQUELINE E. THURSTON