IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>            Plaintiff,<br>    vs.<br><br>JEFFREY LOWE; LINDA LOWE;<br>MATTHEW RAY SEVERSON; BRETT<br>SCHELAND; BENJAMIN ALLEN WILDER;<br>MINDY WILDER; GEORGE KLAUS, III;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATION 1-10; DOE<br>PARTNERSHIPS 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>            Defendants<br><br>JEFFREY LOWE and LINDA LOWE,<br><br>            Third-Party<br>            Plaintiffs<br>    vs.<br><br>STEVEN J. KOTT and KOTT, INC.<br><br>            Third-Party<br>            Defendants. | CIVIL NO. CV04-00285 DAE BMK<br><br>DEFENDANTS AND THIRD-PARTY<br>PLAINTIFFS JEFFREY LOWE AND<br>LINDA LOWE'S MEMORANDUM IN<br>SUPPORT OF THEIR MOTION IN<br>LIMINE NO. 3 TO PRECLUDE<br>REFERENCE TO OUTDOOR SPA |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND
LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR
<u>MOTION IN LIMINE NO. 3 TO PRECLUDE REFERENCE TO OUTDOOR SPA</u>

I.   <u>INTRODUCTION/SUMMARY OF ARGUMENT</u>:

This action arises out of a dispute over liability, causation and damages in connection with Plaintiff LISA ROMERO's fall on New Years Eve, December 31, 2002/January 1, 2003, through an open fireman's pole/hole (hereinafter "Subject

Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the second story of a residence on premises (hereinafter "Subject Premises") located at 111 Hauoli Street, Kailua, Hawaii, owned by Defendants JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE Defendants") and leased to Defendants MATTHEW RAY SEVERSON, BRETT SCHELAND, BENJAMIN ALLEN WILDER, MINDY WILDER and GEORGE KLAUS, III.

It is undisputed that Defendant MATTHEW RAY SEVERSON removed the iron metal safety railing that had been surrounding the firepole/hole sometime in November 2002 and did not tell LOWE Defendants of this removal. In her deposition, Plaintiff admitted that had Defendant MATTHEW RAY SEVERSON not removed the iron metal safety railing, she would not have fallen through the hole. Deposition of Lisa Romero (Vol. I), taken on January 10, 2005, at 54:11-21, a true copy of which is attached hereto as Exhibit "A". Plaintiff also admitted that she was intending to use the restroom and she walked the wrong way. Id. at 76:14-22; 81:19-21; Deposition of Lisa Romero (Vol. II), taken on January 11, 2005, at 279:7-9, a true copy of which is attached hereto as Exhibit "B". Plaintiff did not, at any time on the day in question, visit the outdoor spa located outside the 111 Hauoli Street premises.

In its November 3, 2005 Order (1) Granting Third-Party Defendants Steven J. Kott And Kott Inc.'s Motion For Summary

2

Judgment Filed 3/31/05; (2) Granting In Part And Denying In Part Defendant Matthew Ray Severson's Motion For Summary Judgment Filed 3/23/05; (3) Granting In Part And Denying In Part In Part And Denying In Part Defendants Jeffrey Lowe And Linda Lowe's Motion For Summary Judgment Filed 3/7/05; and (4) Granting In Part And Denying In Part Defendants George Klaus III And Brett Scheland's Motion For Summary Judgment Filed 5/11/05 (hereinafter "Summary Judgment Order"), this Court determined that there was a genuine issue of material fact as to whether LOWE Defendants knew or should have known about Defendant SEVERSON's removal of the railing and failed to take reasonable steps to eliminate the risk or warn others about it. Id. at 24. In addition, and given that Plaintiff had already admitted that she would not have fallen if the iron safety railing had not been removed, this Court ordered that the railing was not a legal cause of Plaintiff's fall and the height of the railing was irrelevant to Plaintiff's negligence claims and that the relevant hazard was the "unguarded" fireman's pole and hole in the floor. Id. at 11-15.

Despite the Court's Order, Plaintiff's Pretrial Statement and expert witness disclosures indicate that Plaintiff will be seeking to raise allegations concerning the outdoor spa located on the outside of the 111 Hauoli Street residence. As more fully set forth below, LOWE Defendants respectfully request

3

an order precluding Plaintiff and her respective attorneys, representatives, and lay and expert witnesses, from referring to, discussing, commenting upon, mentioning or in any way suggesting or introducing any evidence and/or testimony relating to or concerning this outdoor spa.

II. ARGUMENT:

LOWE Defendants' Motion In Limine No. 3 To Preclude Reference To Outdoor Spa should be granted for reasons including the following.

A. ANY DEFECT IN THE SPIRAL STAIRCASE IS IRRELEVANT.

FRE Rule 402 provides as follows:

> **Relevant evidence generally admissible; irrelevant evidence inadmissible.** All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

In turn, FRE Rule 401 defines "relevant evidence" as follows:

> **Definition of "relevant evidence".** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Courts have applied similar standards to exclude evidence of non-conformities with a municipal building code in a

4

premises liability case where such non-conformities did not legally cause the plaintiff's fall. See Brown v. Bonnin, 132 N.H. 488, 566 A.2d 1149 (1989) (alleged defects in dimensions of stairway and handrail were irrelevant where plaintiff slipped on a slippery substance on the stairway).

In addition, one of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses and narrow the issues for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Accordingly, Rule 56(d) of the Federal Rules of Civil Procedure requires that a trial be conducted according to what material facts are actually and in good faith controverted in light of prior summary judgment orders.

In the instant case, the outdoor spa was outside of the 111 Hauoli Street premises and did not legally cause Plaintiff's fall and is irrelevant. This Court has already ruled that the relevant hazard is the unguarded firepole/hole and that the height of the railing surrounding the firepole/hole is irrelevant. Plaintiff has also admitted that had the iron safety railing not been removed, she would not have fallen. Accordingly, the outdoor spa has no bearing on the proper issues in this case, and is irrelevant and inadmissible.

5

  B. ANY PROBATIVE VALUE OF THE OUTDOOR SPA WOULD BE SUBSTANTIALLY OUTWEIGHED BY A DANGER OF UNFAIR PREJUDICE AND JURY CONFUSION AND BY CONSIDERATIONS OF UNDUE DELAY, WASTE OF TIME AND <u>NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE.</u>

Even assuming arguendo, but not admitting, that evidence concerning the outdoor spa is relevant and otherwise admissible in this action, such evidence is inadmissible under FRE Rule 403, which provides as follows:

> **Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In <u>Locricchio v. Legal Services Corp.</u>, 833 F.2d 1352 (9th Cir. 1987), the United States Court of Appeals for the Ninth Circuit affirmed this Court's FRE Rule 403 exclusion of evidence relating to communications other than the communication underlying the plaintiff's defamation claim. <u>See also</u> <u>Brown v. Bonnin</u>, 132 N.H. 488, 566 A.2d 1149 (1989) (alleged defects in dimensions of stairway and handrail were inadmissible where any probative value of such evidence was substantially outweighed by danger that jury would be misled and confuse the issues as to plaintiff's fall on a slippery substance on the stairway).

6

Likewise, references to the outdoor spa would mislead the jury, and create undue prejudice and confusion of the issues in that the jury would be diverted away from the actual causal facts surrounding Plaintiff's fall, namely, the removal of the railing and Plaintiff's own negligence and fault with regard to the firepole/hole and would instead would be presented with evidence that has nothing to do with the circumstances surrounding Plaintiff's fall.

In addition, such evidence would create undue delay, waste of time and needless presentation of cumulative evidence in that the LOWE Defendants would be forced to respond to such evidence with testimonial and documentary evidence and thus consume valuable trial time. In the Pretrial Conference, this Court gave Plaintiff the option of proceeding on February 28, 2006 with only six available trial days or a continuance and Plaintiff elected that trial proceed on February 28, 2006 with a limited amount of trial time. This limited amount of trial time should be limited to the actual circumstances surrounding Plaintiff's fall.

Under these circumstances, it is respectfully submitted that any probative value of the outdoor spa is substantially outweighed by FRE Rule 403 dangers and such extraneous references are inadmissible and should be precluded.

7

III. CONCLUSION:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully submitted that LOWE Defendants' Motion In Limine No. 3 To Preclude Reference To Outdoor Spa should be granted.

DATED: HONOLULU, HAWAII,   February 13, 2006

RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE