IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>          Plaintiff,<br>     vs.<br><br>JEFFREY LOWE; LINDA LOWE;<br>MATTHEW RAY SEVERSON; BRETT<br>SCHELAND; BENJAMIN ALLEN WILDER;<br>MINDY WILDER; GEORGE KLAUS, III;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATION 1-10; DOE<br>PARTNERSHIPS 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>          Defendants<br><br>JEFFREY LOWE and LINDA LOWE,<br><br>          Third-Party<br>          Plaintiffs<br>     vs.<br><br>STEVEN J. KOTT and KOTT, INC.<br><br>          Third-Party<br>          Defendants. | CIVIL NO. CV04-00285 DAE BMK<br><br>DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE NO. 5 TO PRECLUDE REFERENCE TO OSHA STANDARDS |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND
LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION
IN LIMINE NO. 5 TO PRECLUDE REFERENCE TO OSHA STANDARDS

I.   INTRODUCTION/SUMMARY OF ARGUMENT:

This action arises out of a dispute over liability, causation and damages in connection with Plaintiff LISA ROMERO's fall on New Years Eve, December 31, 2002/January 1, 2003, through an open fireman's pole/hole (hereinafter "Subject Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the

second story of a residence on premises (hereinafter "Subject Premises") located at 111 Hauoli Street, Kailua, Hawaii, owned by Defendants JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE Defendants") and leased to Defendants MATTHEW RAY SEVERSON, BRETT SCHELAND, BENJAMIN ALLEN WILDER, MINDY WILDER and GEORGE KLAUS, III.

It is undisputed that Defendant MATTHEW RAY SEVERSON removed the iron metal safety railing that had been surrounding the firepole/hole sometime in November 2002 and did not tell LOWE Defendants of this removal. In her deposition, Plaintiff admitted that had Defendant MATTHEW RAY SEVERSON not removed the iron metal safety railing, she would not have fallen through the hole. Deposition of Lisa Romero (Vol. I), taken on January 10, 2005, at 54:11-21, a true copy of which is attached hereto as Exhibit "A". Plaintiff also admitted that she was intending to use the restroom and she walked the wrong way. Id. at 76:14-22; 81:19-21; Deposition of Lisa Romero (Vol. II), taken on January 11, 2005, at 279:7-9, a true copy of which is attached hereto as Exhibit "B".

In its November 3, 2005 Order (1) Granting Third-Party Defendants Steven J. Kott And Kott Inc.'s Motion For Summary Judgment Filed 3/31/05; (2) Granting In Part And Denying In Part Defendant Matthew Ray Severson's Motion For Summary Judgment Filed 3/23/05; (3) Granting In Part And Denying In Part In Part

2

And Denying In Part Defendants Jeffrey Lowe And Linda Lowe's Motion For Summary Judgment Filed 3/7/05; and (4) Granting In Part And Denying In Part Defendants George Klaus III And Brett Scheland's Motion For Summary Judgment Filed 5/11/05 (hereinafter "Summary Judgment Order"), this Court determined that there was a genuine issue of material fact as to whether LOWE Defendants knew or should have known about Defendant SEVERSON's removal of the railing and failed to take reasonable steps to eliminate the risk or warn others about it. Id. at 24. In addition, and given that Plaintiff had already admitted that she would not have fallen if the iron safety railing had not been removed, this Court ordered that the railing was not a legal cause of Plaintiff's fall and the height of the railing and/or whether or not it complied with the Uniform Building Code was irrelevant to Plaintiff's negligence claims and that the relevant hazard was the "unguarded" fireman's pole and hole in the floor. Id. at 11-15.

     Although the LOWE Defendants filed a Third-Party Complaint against the predecessor owner-builder of the firepole/hole, former Third-Party Defendants STEVEN KOTT and KOTT, INC., Plaintiff did not "amend over" to state any direct claims against the prior owner-builder. In any event, the Court's Summary Judgment Order, over LOWE Defendants' opposition, entered summary judgment in favor of the owner-

builder on the basis that "the alleged unreasonably dangerous condition properly at issue in this case is not the original gated firepole, but the rather the unguarded hole left when Defendant SEVERSON removed the gate." Id. at 17.

Despite the Court's Order, Plaintiff's Pretrial Statement and expert witness disclosures indicate that Plaintiff will be seeking to raise allegations referring to standards promulgated under the Occupational Safety and Health Act ("OSHA"). As more fully set forth below, LOWE Defendants respectfully request an order precluding Plaintiff and her respective attorneys, representatives, and lay and expert witnesses, from referring to, discussing, commenting upon, mentioning or in any way suggesting or introducing any evidence and/or testimony relating to or concerning such OSHA standards in this non-workplace case.

II.  ARGUMENT:

LOWE Defendants' Motion In Limine No. 5 To Preclude Reference To OSHA Standards should be granted for reasons including the following.

   A.   OSHA STANDARDS ARE IRRELEVANT.

FRE Rule 402 provides as follows:

> **Relevant evidence generally admissible; irrelevant evidence inadmissible.** All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii,

4

by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

In turn, FRE Rule 401 defines "relevant evidence" as follows:

**Definition of "relevant evidence".**
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

By definition, OSHA standards are applicable only to employers to ensure a safe workplace and can have no litigation relevance outside litigation arising out of workplace accidents. See Lynch v. Reed, 284 Mont. 321, 944 P.2d 218 (1997); E.C. Evans v. Tudor Construction, 670 So.2d 447 (La. Ct. App. 1996).

In the instant case, there is no allegation or evidence that Plaintiff was engaged in an occupation at the time of her fall (her purpose was recreational) and there is no allegation or evidence that she was employed by the LOWE Defendants. Since the instant case does not arise out of a workplace accident and does not involve any employment relationship, OSHA standards are irrelevant and inadmissible.

    B.    ANY PROBATIVE VALUE OF OSHA STANDARDS WOULD BE SUBSTANTIALLY OUTWEIGHED BY A DANGER OF UNFAIR PREJUDICE AND JURY CONFUSION AND BY CONSIDERATIONS OF UNDUE DELAY, WASTE OF TIME AND NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE.

Even assuming arguendo, but not admitting, that evidence concerning OSHA standards is relevant and otherwise admissible in this action, such evidence is inadmissible under FRE Rule 403, which provides as follows:

> **Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In Locricchio v. Legal Services Corp., 833 F.2d 1352 (9th Cir. 1987), the United States Court of Appeals for the Ninth Circuit affirmed this Court's FRE Rule 403 exclusion of evidence relating to communications other than the communication underlying the plaintiff's defamation claim.

Courts have applied similar rationales to exclude evidence of non-compliance with building codes where such evidence would mislead and confuse the jury. See Brown v. Bonnin, 132 N.H. 488, 566 A.2d 1149 (1989) (alleged defects in dimensions of stairway and handrail were inadmissible where any probative value of such evidence was substantially outweighed by danger that jury would be misled and confuse the issues as to plaintiff's fall on a slippery substance on the stairway); Kiehner v. School District of Philadelphia, 712 A.2d 830 (Pa. Cmwlth. 1998) (references to city building code were

6

inadmissible where they would have misled and confused the jury).

Likewise, references to OSHA standards would mislead the jury, and create undue prejudice and confusion of the issues in that the jury may mistakenly hold the LOWE Defendants to such standards and the jury would be diverted away from the actual causal facts surrounding Plaintiff's fall, namely, the removal of the railing and Plaintiff's own negligence and fault with regard to the firepole/hole and would instead would be presented with an applicable standard and evidence that has nothing to do with the circumstances surrounding Plaintiff's fall.

In addition, such evidence would create undue delay, waste of time and needless presentation of cumulative evidence in that the LOWE Defendants would be forced to respond to such evidence with testimonial and documentary evidence and thus consume valuable trial time. In the Pretrial Conference, this Court gave Plaintiff the option of proceeding on February 28, 2006 with only six available trial days or a continuance and Plaintiff elected that trial proceed on February 28, 2006 with a limited amount of trial time. This limited amount of trial time should be limited to the actual circumstances surrounding Plaintiff's fall.

Under these circumstances, it is respectfully submitted that any probative value of OSHA standards is

7

substantially outweighed by FRE Rule 403 dangers and such extraneneous references are inadmissible and should be precluded.

III. CONCLUSION:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully submitted that LOWE Defendants' Motion In Limine No. 5 To Preclude Reference To OSHA Standards should be granted.

DATED: HONOLULU, HAWAII,   February 13, 2006

*/s/*

RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE