Rule 26 Expert Report of David Knox

Romero v. Lowe
CV 04-0285 DAE BMK


EXHIBIT C

Pursuant to Rule 26 of the Federal Rules of Civil procedure, I am submitting my written report in connection with the case captioned <u>Romero v. Lowe, et al.</u>, Civil No. CV04-00285.

For over thirty years, I have been a Registered Professional Architect and a Licensed General Contractor in the State of Hawaii. I am the co-founder and partner in the full-service architectural firm of Knox Hoverland Architects Ltd, and the founder and principal owner of ConstRx Ltd., a specialty services construction company. Copies of my Curriculum Vitae and my fee schedule, along with a list of case in which I have provided testimony during the past four years, are attached as exhibit "A."

I have been asked to analyze a fireman's pole and associated hole and guard rail that were an architectural feature of a residential rental property located at 111 Hauoli St., in Kailua, Hawaii, from the perspective of an architect and general contractor. In connection with this assignment, I have reviewed:

- The Complaint;
- Defendants Jeffrey and Linda Lowe's Answer to Complaint;
- Defendants Jeffrey and Linda Lowe's Third Party Complaint Against Stephen Kott and Kott, Inc.;
- August 1996 permit application for renovations to 111 Hauoli Street residence;
- Blueprints supporting 1996 application for renovations;
- Miscellaneous photos of 111 Hauoli Street residence;
- Tax map key abstract of title history for 111 Hauoli Street;
- The Real Property Disclosure Statement for 111 Hauoli St. property, dated 1/23/01, prepared by the Kotts;
- The Warranty Deed reflecting the purchase of the Hauloi St. property by the Lowes;
- The Residential Lease Agreement for the Hauoli St. property;
- A digital photo showing the fireman's pole with a guard rail located in the second story bedroom at the 111 Hauoli St. property.
- The Expert Report of Richard Gill, dated March 20, 2005;
- The Hawaii Residential Landlord-Tenant Code; and
- The Honolulu Building Code.

In addition, I have based my opinions on my extensive education, training and experience in the fields of residential architecture and construction.

My opinions in connection with this case are as follows:

1. Based on the property inspection and photographic analysis performed by Dr. Gill, it is my opinion that the guard rail surrounding the fireman's pole and hole was too low to be in compliance with the 36 inch minimum height requirement set out in the Honolulu Adopted Building Code. This "minimum" height requirement definitely constitutes a building law materially affecting safety as those terms as used in Hawaii's Residential Landlord-Tenant Code, H.R.S. § 521-42. Any reasonable inspection of the fireman's pole would have resulted in a determination that the guard rail surrounding the fireman's

pole did not comply with the Honolulu Building Code minimum height requirement of 36 inches.

2. In addition, of course, the fireman's pole and hole continued to be in violation of the Honolulu Adopted Building Code from the time the guard rail was removed approximately two months prior to Ms. Romero's fall, until the hole was boarded up following Ms. Romero's fall.

3. From an architectural perspective, the fireman's pole had no utility except as an potentially dangerous recreational device. A fireman's pole is certainly not an acceptable means of access between floors of a residence. The fireman's pole could have been removed and the hole sealed without unreasonable cost or difficulty.

In addition to performing the analysis that lead to the foregoing opinions, I have been asked to respond to any opinions that may be expressed in this case that are contrary to the opinions set forth above.

_____
David A. Knox