IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>                  Plaintiff,<br>    vs.<br><br>JEFFREY LOWE; LINDA LOWE;<br>MATTHEW RAY SEVERSON; BRETT<br>SCHELAND; BENJAMIN ALLEN WILDER;<br>MINDY WILDER; GEORGE KLAUS, III;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATION 1-10; DOE<br>PARTNERSHIPS 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>             Defendants<br><br>JEFFREY LOWE and LINDA LOWE,<br><br>             Third-Party<br>             Plaintiffs<br>    vs.<br><br>STEVEN J. KOTT and KOTT, INC.<br><br>             Third-Party<br>             Defendants. | CIVIL NO. CV04-00285 DAE BMK<br><br>DEFENDANTS AND THIRD-PARTY<br>PLAINTIFFS JEFFREY LOWE AND<br>LINDA LOWE'S MEMORANDUM IN<br>SUPPORT OF THEIR MOTION IN<br>LIMINE NO. 7 TO PRECLUDE<br>REFERENCE TO ROBERT S. GRISWOLD |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND
LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN
LIMINE NO. 7 TO PRECLUDE REFERENCE TO ROBERT S. GRISWOLD

I.    INTRODUCTION/SUMMARY OF ARGUMENT:

This action arises out of a dispute over liability, causation and damages in connection with Plaintiff LISA ROMERO's fall on New Years Eve, December 31, 2002/January 1, 2003, through an open fireman's pole/hole (hereinafter "Subject Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the

second story of a residence on premises (hereinafter "Subject
Premises") located at 111 Hauoli Street, Kailua, Hawaii, owned
by Defendants JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE
Defendants") and leased to Defendants MATTHEW RAY SEVERSON,
BRETT SCHELAND, BENJAMIN ALLEN WILDER, MINDY WILDER and GEORGE
KLAUS, III.

It is undisputed that Defendant MATTHEW RAY SEVERSON
removed the iron metal safety railing that had been surrounding
the firepole/hole sometime in November 2002 and did not tell
LOWE Defendants of this removal.  In her deposition, Plaintiff
admitted that had Defendant MATTHEW RAY SEVERSON not removed the
iron metal safety railing, she would not have fallen through the
hole. Deposition of Lisa Romero (Vol. I), taken on January 10,
2005, at 54:11-21, a true copy of which is attached hereto as
Exhibit "A".   Plaintiff also admitted that she was intending to
use the restroom and she walked the wrong way.   Id. at 76:14-22;
81:19-21;  Deposition of Lisa Romero (Vol. II), taken on January
11, 2005, at 279:7-9, a true copy of which is attached hereto as
Exhibit "B".

In its November 3, 2005 Order (1) Granting Third-Party
Defendants Steven J. Kott And Kott Inc.'s Motion For Summary
Judgment Filed 3/31/05; (2) Granting In Part And Denying In Part
Defendant Matthew Ray Severson's Motion For Summary Judgment
Filed 3/23/05; (3) Granting In Part And Denying In Part In Part

And Denying In Part Defendants Jeffrey Lowe And Linda Lowe's
Motion For Summary Judgment Filed 3/7/05; and (4) Granting In
Part And Denying In Part Defendants George Klaus III And Brett
Scheland's Motion For Summary Judgment Filed 5/11/05
(hereinafter "Summary Judgment Order"), this Court determined
that there was a genuine issue of material fact as to whether
LOWE Defendants knew or should have known about Defendant
SEVERSON's removal of the railing and failed to take reasonable
steps to eliminate the risk or warn others about it. Id. at 24.
In addition, and given that Plaintiff had already admitted that
she would not have fallen if the iron safety railing had not
been removed, this Court ordered that the railing was not a
legal cause of Plaintiff's fall and the height of the railing
and/or whether or not it complied with the Uniform Building Code
was irrelevant to Plaintiff's negligence claims and that the
relevant hazard was the "unguarded" fireman's pole and hole in
the floor. Id. at 11-15.

Although the LOWE Defendants filed a Third-Party
Complaint against the predecessor owner-builder of the
firepole/hole, former Third-Party Defendants STEVEN KOTT and
KOTT, INC., Plaintiff did not "amend over" to state any direct
claims against the prior owner-builder. In any event, the
Court's Summary Judgment Order, over LOWE Defendants'
opposition, entered summary judgment in favor of the owner-

builder on the basis that "the alleged unreasonably dangerous
condition properly at issue in this case is not the original
gated firepole, but the rather the unguarded hole left when
Defendant SEVERSON removed the gate."  Id. at 17.

Despite the Court's Order, and the fact that this case
does not involve a professional property manager, as such, or
otherwise implicate any professional standard of care,
Plaintiff's Pretrial Statement and expert witness disclosures
indicate that Plaintiff will be seeking to call Robert S.
Griswold as a property management expert witness and/or
otherwise refer to his opinions concerning the absence of a
building permit covering the firepole/hole at 111 Hauoli Street
residence and/or its alleged non-compliance with the Uniform
Building Code and other issues.  A copy of Mr. Griswold's report
is attached hereto as Exhibit "C" for the Court's reference.  As
more fully set forth below, LOWE Defendants respectfully request
an order precluding Plaintiff and her respective attorneys,
representatives, and lay and expert witnesses, from referring
to, discussing, commenting upon, mentioning or in any way
suggesting or introducing any evidence and/or testimony relating
to or concerning Robert S. Griswold.

    II.  ARGUMENT:

LOWE Defendants' Motion In Limine No. 7 To Preclude Reference To Robert S. Griswold should be granted for reasons including the following.

A.    ROBERT S. GRISWOLD'S OPINIONS ARE IRRELEVANT.

FRE Rule 402 provides as follows:

> **Relevant evidence generally admissible; irrelevant evidence inadmissible**.  All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

In turn, FRE Rule 401 defines "relevant evidence" as follows:

> **Definition of "relevant evidence"**. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Mr. Griswold's opinions are irrelevant for several independent reasons.

1.    To The Extent That Mr. Griswold's Opinions Are Based On Lack Of A Building Permit And/Or Non-Compliance With The Landlord-Tenant Code, They Are Irrelevant. Courts have applied similar standards to exclude evidence of non-conformities with a municipal building code in a premises liability case where such non-conformities did not legally cause

the plaintiff's fall.  See Brown v. Bonnin, 132 N.H. 488, 566
A.2d 1149 (1989) (alleged defects in dimensions of stairway and
handrail were irrelevant where plaintiff slipped on a slippery
substance on the stairway).

        In addition, one of the principal purposes of the
summary judgment procedure is to identify and dispose of
factually unsupported claims and defenses and narrow the issues
for trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323
(1986).  Accordingly, Rule 56(d) of the Federal Rules of Civil
Procedure requires that a trial be conducted according to what
material facts are actually and in good faith controverted in
light of prior summary judgment orders.

        In the instant case, the Court has already ruled that
lack of compliance with the Uniform Building Code is irrelevant
to the proper issues in this case where it did not legally cause
Plaintiff's fall.  This Court has already ruled that the
relevant hazard is the unguarded firepole/hole and that the
height of the railing surrounding the firepole/hole is
irrelevant.  Plaintiff has also admitted that had the iron
safety railing not been removed, she would not have fallen.
Accordingly, any issues regarding a lack of a building permit
and/or non-compliance with the Uniform Building Code including,
but not limited to, opinions of Robert S. Griswold, has no

bearing on the proper issues in this case, and is irrelevant and inadmissible.

      2.   <u>Mr. Griswold Misapplies A Professional Standard Of Care To Lowe Defendants</u>.  Even under the liberal standards of "notice pleading" under FRCP Rules 7 and 8, Plaintiff's Complaint is required to give LOWE Defendants fair notice of each of Plaintiff's claims and the factual grounds upon which each claim rests.  <u>See</u> <u>Center for Bioethical Reform, Inc. v. City and County of Honolulu</u>, 345 F. Supp. 2d 1123 (D. Hawai`i 2004).

      In the instant case, Plaintiff pled claims against the LOWE Defendants as owners and landlords of the 111 Hauoli Street property and did not, in any way, state any claim against the LOWEs as "property managers".  Pursuant to FRCP Rule 15, LOWE Defendants expressly disclaim any express or implied consent to trial of such a claim.

      The LOWE Defendants were not "property managers" in any professional sense.  Unlike medical malpractice or legal malpractice cases, there are no allegations or evidence implicating "property management" or any other professional standard of care as against the LOWE Defendants.  In his deposition taken on January 27, 2006, Mr. Griswold conceded that there his opinions were based on the Hawaii Residential Landlord-Tenant Code, HRS Chapter 521, and he saw nothing in

that statute or any other Hawaii statute that created a standard of care for property managers in the professional sense. Deposition of Robert Griswold (01/27/2006) at 64:1 -- 65:9, a true copy of which is attached hereto as Exhibit "D". He further conceded that whatever standard existed in the California Businesses and Professions Code would apply to California transactions and would not purport to regulate a Hawaii landlord-tenant transaction. Id. at 63:10-25. Mr. Griswold further conceded that a landlord need not be a certified professional property manager in order to rent out their own property. Id. at 29:25 - 30:7. He further conceded that there are no professional property management standards specifically for firepole/holes. Id. at 30:18 - 25.

Inasmuch as this case does not implicate a professional standard of care, any opinions by Robert Griswold are irrelevant and inadmissible.

B.    MR. GRISWOLD'S LEGAL OPINIONS ARE INADMISSIBLE.

Independently of its lack of relevance, Mr. Griswold's opinions as to the interpretation and compliance with the Hawaii Residential Landlord-Tenant Code are opinions of statutory interpretation and conclusions of law.

Under FRE Rule 702, expert opinions are only admissible if they would assist the trier of fact to understand the evidence or to determine a fact in issue. Accordingly, the

United States Court of Appeals for the Ninth Circuit and many
other courts have generally held that expert opinions that
merely tell the jury what result to reach and/or otherwise
invade the province of the Court (in deciding legal issues and
instructing the jury) are inadmissible.  See Mukhtar v.
California State University, 299 F.3d 1053, 1065 n.10 (9th Cir.
2002); United States v. Parsons Co., 195 F.3d 457, 462 (9th Cir.
1999); Kayfetz v. A.M. Best Roofing, 832 So.2d 784, 786 (Fla.
Dist. Ct. App. 2002); Edward J. Seibert v. Bayport Beach and
Tennis Club Assn., 573 So.2d 889, 891-92 (Fla Dist. Ct. App.
1991); Earhart v. Brown, 702 So.2d 976, 982 (La. Ct. App. 1997).
Accord Create 21 Chuo, Inc. v. Southwest Slopes, 81 Hawai`i 512,
522 n.4, 918 P.2d 1168, 1178 n.4 (Ct. App. 1996).

        Moreover, FRE Rule 702 limits expert testimony to
persons qualified by knowledge, skill, training, experience, or
education and does not allow for opinions outside of the
expertise of a purported expert witness.  See, e.g., Jerden v.
Amstutz, 430 F.3d 1231, 1239-40 (9th Cir. 2006).  While Mr.
Griswold may be well qualified as a California Property Manager,
Mr. Griswold is not, and never has been, a Hawaii judge, lawyer,
legislator, city official, or building inspector, and therefore
is not qualified to give opinions on statutory interpretation of
the Hawaii Residential Landlord Tenant Code or other conclusions

of law beyond his expertise.  Under these circumstances, Mr.
Griswold's opinions are inadmissible.

      C.   <u>MR. GRISWOLD LACKS HAWAII EXPERT QUALIFICATIONS</u>.

      As noted above, FRE Rule 702 requires experts to be
sufficiently qualified by knowledge, skill, training,
experience, or education and does not allow for opinions outside
of the expertise of a purported expert witness.  <u>See</u>, <u>e.g.</u>,
<u>Jerden v. Amstutz</u>, 430 F.3d 1231, 1239-40 (9th Cir. 2006).  In
addition, in order for his opinions to be admissible, a
"standard of care" expert must possess such qualifications with
reference to the locality of the defendant.  <u>See</u> <u>id.</u>; <u>Jinro v.
Secure Investments, Inc.</u>, 266 F.3d 993, 1005-06 (9th Cir. 2001);
<u>Glaser v. Pullman & Comley LLC</u>, 88 Conn. App. 615, 629, 871 A.2d
392, 401 (2005); <u>Boyd v. Lynch</u> 493 So.2d 1315 (Miss. 1986);
<u>Ramsey v. Reagan Burris Dierksen Lamon & Bluntzer PLLC</u>, 2003 WL
124206 (Tex. App. 2003).

      In <u>United States v. Johnson</u>, 285 F.2d 35 (9th Cir.
1961), the United States Court of Appeals for the Ninth Circuit
specifically held that an out-of-state real property manager
lacked sufficient qualifications to render expert opinions as to
property located in Marin County, California where his
experience was limited to another state.

      Likewise, in the instant case, Mr. Griswold has never
been licensed as a real estate agent or broker in the State of

Hawaii.  Exhibit "D" at 8:23 -- 9:3; 31:7 - 12.  He was never a property manager in the State of Hawaii.  Id. at 61:1 -4.  He has never owned property in the State of Hawaii or been a landlord in the State of Hawaii.  Id. at 31:13 - 17.  Mr. Griswold has never been retained, and, therefore, has never been qualified as an expert witness in any Hawaii case.  Id. at 7:15-18.

Since Mr. Griswold lacks sufficient expert qualifications relating to Hawaii, his opinions are inadmissible.

D.    MR. GRISWOLD'S OPINIONS ARE UNRELIABLE.

Under FRE Rules 702 and 703, and the United States Supreme Court's opinion in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)  expert testimony is inadmissible where it is not supported by reliable analysis and methodology.

Lack of reliability exists when the purported expert witness does not do any inspection or investigation with respect to instrumentality at issue.  See Kumho Tire Co. v. Carmichael, 526 U.S.137 (1999) (affirming exclusion of mechanical engineer's testimony that accident was caused by a tire defect where it could not be reliably supported by examination of the tire in question); Weisgram v. Marley Co., 120 S.Ct. 1011, 1021 (2000)

(excluding expert opinion as to defect in part where part was destroyed by underlying fire and not available for inspection).

Mr. Griswold did not do any site inspection or investigation in connection with his work in this case. Exhibit "D" at 44:19 -21. Under these circumstances, his opinions are unreliable and inadmissible.

> E.    ANY PROBATIVE VALUE OF ROBERT GRISWOLD'S OPINIONS WOULD BE SUBSTANTIALLY OUTWEIGHED BY A DANGER OF UNFAIR PREJUDICE AND JURY CONFUSION AND BY CONSIDERATIONS OF UNDUE DELAY, WASTE OF TIME AND NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE.

Even assuming arguendo, but not admitting, that Robert Griswold's opinions are relevant and otherwise admissible in this action, such evidence is inadmissible under FRE Rule 403, which provides as follows:

> **Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In Locricchio v. Legal Services Corp., 833 F.2d 1352 (9th Cir. 1987), the United States Court of Appeals for the Ninth Circuit affirmed this Court's FRE Rule 403 exclusion of evidence relating to communications other than the communication underlying the plaintiff's defamation claim.

Courts have applied similar rationales to exclude evidence of non-compliance with building codes where such evidence would mislead and confuse the jury. See Brown v. Bonnin, 132 N.H. 488, 566 A.2d 1149 (1989) (expert opinions as to alleged defects in dimensions of stairway and handrail were inadmissible where any probative value of such evidence was substantially outweighed by danger that jury would be misled and confuse the issues as to plaintiff's fall on a slippery substance on the stairway); Kiehner v. School District of Philadelphia, 712 A.2d 830 (Pa. Cmwlth. 1998) (expert witness' references to city building code were inadmissible where they would have misled and confused the jury).

Likewise, Mr. Griswold's opinions would mislead the jury, and create undue prejudice and confusion of the issues in that the jury would be diverted away from the actual causal facts surrounding Plaintiff's fall, namely, the removal of the railing and Plaintiff's own negligence and fault with regard to the firepole/hole and would instead would be presented with evidence that has nothing to do with the circumstances surrounding Plaintiff's fall. More importantly, the jury would be confused and misled into holding LOWE Defendants to a property management standard of care that is not warranted by the facts of this case.

In addition, such evidence would create undue delay, waste of time and needless presentation of cumulative evidence in that the LOWE Defendants would be forced to respond to such evidence with expert opinions and additional testimonial and documentary evidence and thus consume valuable trial time. In the Pretrial Conference, this Court gave Plaintiff the option of proceeding on February 28, 2006 with only six available trial days or a continuance and Plaintiff elected that trial proceed on February 28, 2006 with a limited amount of trial time. This limited amount of trial time should be limited to the actual circumstances surrounding Plaintiff's fall.

Under these circumstances, it is respectfully submitted that any probative value of Mr. Griswold's opinions is substantially outweighed by FRE Rule 403 dangers and should be precluded.

III. <u>CONCLUSION</u>:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully

submitted that LOWE Defendants' Motion In Limine No. 7 To

Preclude Reference To Robert S. Griswold should be granted.


DATED: HONOLULU, HAWAII,    February 13, 2006


RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE