IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>        Plaintiffs,<br><br>vs.<br><br>JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10;<br><br>        Defendants.<br><br>JEFFREY LOWE AND LINDA LOWE,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>STEVEN J. KOTT AND KOTT, INC.<br><br>        Third-Party Defendants. | CIVIL NO. 04-00285 DAE-BMK<br>(Other Non-Vehicle Tort)<br><br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiff LISA ROMERO moves in Limine to preclude Defendants JEFFREY and LINDA LOWE (the "Lowe Defendants") from offering evidence or argument at trial to show that it was not foreseeable that a tenant would remove the railing around the three- to four- foot hole in the floor of master bedroom of their rental premises. In their Pretrial Statement, the Lowe Defendants admit that they gave their young tenants "strict instructions . . . to refrain from removing or altering an iron safety railing surrounding the firepole/hole . . . ." Lowe Defendants' Pretrial Statement, p. 2. Plaintiff respectfully submits that this statement should be treated as a judicial admission that conclusively demonstrates that the Lowe Defendants foresaw the risk of removal of the railing, and that they should be precluded from offering evidence or argument to the contrary at trial.

## I.   STATEMENT OF FACTS AND ISSUES

The Lowe Defendants rented their home at 111 Hauoli Street in Kailua to a group of young Naval Officers in April 2001 with a three- to four- foot open hole in the floor of the master bedroom. The hole allowed light and sound to travel between the bedroom and the living room below. The hole was equipped with a fire pole, which allowed persons in the bedroom to slide down ten to twelve feet to the living room. In the early morning hours of January 1, 2003, Plaintiff fell through the hole and landed on the floor below, sustaining serious injuries.

At trial, Plaintiff intends to show that the Lowe Defendants' failure to close the hole in the floor of the master bedroom prior to rental was negligent, since it created a foreseeable "'zone of risk' that pose[d] a general threat of harm to others." McCain v. Florida Power Co., 593 So.2d 500, 502 (Fla. 1992); accord Knodle v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 385, 742 P.2d 377, 383 (1987) ("what is reasonable and prudent in the particular circumstances is marked out by the foreseeable range of danger"). To show foreseeability for purposes of determining negligence, the Plaintiff need not show that the Lowe Defendants should have foreseen the precise manner in which she sustained harm. Instead, foreseeability in the negligence determination looks only to the "generalized risk of the types of incidents and injuries that occurred rather than the predictability of the actual sequence of events." Dodge v. Darritt Construction, 934 P.2d 591 (Ore. App. 1997).

The Lowe Defendants will no doubt argue that, whatever the foreseeable zone of risk might have been for purposes of determining negligence, as a matter of proximate cause they could not have foreseen the manner in which Plaintiff sustained her injury. They will attempt argue that they could not have foreseen that their tenant would remove the railing that surrounded hole. Such evidence is generally appropriate in negligence cases. However, in this case Plaintiff should

3

be precluded from offering such evidence and argument, for the reasons set forth below.

In their pretrial statement, The Lowe Defendants admit that they gave their young tenants "strict instructions . . . to refrain from removing or altering an iron safety railing surrounding the firepole/hole . . . ." Lowe Defendants' Pretrial Statement, p. 2. They apparently offer this unequivocal admission to show fault on the part of the Tenant Defendants, in order to obtain a more favorable apportionment. Their statement is consistent with other evidence in the case.[1] Plaintiff respectfully submits that the Lowe Defendants' assertion that they

---

[1] Defendant Mindy Heber (fka Wilder) confirmed this in her deposition, where she testified that the Lowe Defendants specifically told her at the time that she signed the lease not to remove the guardrail from around the fire pole. It is hardly surprising that the Lowe Defendants foresaw the possibility that the tenants would remove the railing. They knew or should have known that the tenant of the upstairs bedroom might desire to cover the hole, since the three to four foot opening in the floor substantially invaded his privacy. They knew or should have known that the railing intruded into the bedroom space in a way that a tenant might find objectionable, especially since Mrs. Lowe did not like the pole for "aesthetic reasons." They knew or should have known that the railing substantially limited the wall space available in the room to place a desk or dresser. Indeed, the dresser that was placed on the wall next to the railing at the time they purchased the house substantially overlapped the doorway to the bathroom. And they knew or should have known how easy it would be to remove the railing. Defendant Severson testified that the railing was supported only by four stanchions, each of which was attached to the floor, through the carpet, by four 2 1/2 inch screws which he easily removed with a socket wrench. The railing was not attached to the walls. One of the few non-party witnesses who slept in Mr. Severson's bedroom and thus has personal knowledge about the railing, described it as "very flimsy" and "very short."

4

repeated warned the tenants against removal of the railing should be deemed a judicial admission which prevents them from offering evidence or argument to show that removal of the railing could not have been foreseen.

## II. THE LOWE DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT TO SHOW THE REMOVAL OF THE RAIL WAS NOT FORESEEABLE BECAUSE OF THEIR JUDICIAL ADMISSION

Judicial admissions "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." In re Fordson Engineering Corp., 25 B.R. 506, 509 (Bankr.E.D.Mich.1982). An admission is "conclusively binding" against the party who made it. White v. Arco/Polymers, Inc., 720 F.2d 1391, 1396 (5th Cir.1983); Fordson, 25 B.R. at 509. A judicial admission prevents the maker from the subsequent assertion of a contrary position. White v. Arco/Polymers, Inc., 720 F.2d at 1396. A party seeking to enforce a judicial admission against her adversary must object to the introduction of any evidence contrary to the admission at trial. American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 227 (9th Cir. 1988).

An unequivocal statement of fact contained in a trial brief may be considered to be a binding judicial by the trial court. American Title Ins. Co. v. Lacelaw Corp., 861 F.2d at 226. Plaintiff submits that it is particularly appropriate to do so with the Lowe Defendants' statement that they repeatedly instructed their tenants to refrain from removing or altering an iron safety railing, because the

5

Lowe Defendants are attempting to utilize this statement to gain an advantage in litigation. Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 557 (9th Cir. 2000) (statements regarding relationship of plaintiffs to church members involved in prior action properly held to be a judicial admission, in part because the plaintiffs tried to benefit from the admission in the litigation).

Precluding evidence or argument inconsistent with the position the Lowe Defendants asserted in their Pretrial Statement is also consistent with the equitable principal of judicial estoppel. As the Ninth Circuit explained in Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2000):

> Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600-601 (9th Cir.1996); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990). This court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts." *Russell*, 893 F.2d at 1037.

Plaintiff does not contend that the predicate for judicial estoppel is met in this case, since the Lowe Defendants have yet to gain an advantage in this litigation as a result of their assertion that they repeatedly warned their tenants against removing the pole. See Hamilton, 270 F.3d at 782 (judicial estoppel applies only where the party has gained an advantage by asserting the prior position). However, she

6

submits that the "general considerations" which support the application of judicial estoppel support treatment of the Lowe Defendants' statement as a binding judicial admission herein.

### III. CONCLUSION

For the reasons set forth herein, the Lowe Defendants should be precluded from offering evidence or argument to show that the removal of the railing was not foreseeable. The Lowe Defendants have admitted that they actually warned the tenants against removal, and are attempting to use that warning to their advantage herein. Accordingly, the Lowe Defendants' statement should be held to be a judicial admission which precludes them from offering evidence at trial that it was not foreseeable that a tenant would remove the railing.

DATED: Honolulu, Hawaii, February 13, 2006.

_____
MICHAEL K. LIVINGSTON
MARK S. DAVIS
Attorneys for Plaintiffs