ORIGINAL

OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE

MICHAEL K. LIVINGSTON    4161-0
MARK S. DAVIS            1442-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Email: mlivingston@davislevin.com
Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 13 2006

at 3 o'clock and 10 min __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>    Plaintiffs,<br><br>vs.<br><br>JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10;<br><br>    Defendants.<br><br>JEFFREY LOWE AND LINDA LOWE, | CIVIL NO. 04-00285 DAE-BMK<br>(Other Non-Vehicle Tort)<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE ANY REFERENCE TO THE TERMS OF PLAINTIFF'S SETTLEMENTS WITH THE TENANT DEFENDANTS; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE**<br><br>**Hearing on Motions in Limine**:<br>Date: February 28, 2006<br>Time: 9:00 a.m.<br>Judge: The Honorable David A Ezra<br><br>**Trial Date: February 28, 2006** |

|                                                    |
| -------------------------------------------------- |
| Third-Party Plaintiffs,                            |
| vs.                                                |
| **STEVEN J. KOTT AND KOTT, INC.**                  |
| Third-Party Defendants.                            |

## PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE ANY REFERENCE TO THE TERMS OF PLAINTIFF'S SETTLEMENTS WITH THE TENANT DEFENDANTS

Comes now Plaintiff above-named, by and through her attorneys, Davis Levin Livingston Grande, and hereby moves this Court in Limine to preclude any reference at trial to the terms of the settlements that Plaintiff has entered into with Defendants Severson, Scheland, Klaus, Wilder, and Hebert (fka Wilder) (collectively, the "Tenant Defendants"). All of Plaintiff's settlements with the Tenant Defendants have been determined to have be in good faith pursuant to HRS 663-15.5, thereby eliminating all cross-claims among the settling Tenant Defendants and the non-settling Lowe Defendants. Although the jury should be informed that Plaintiff has settled her claims against the Tenant Defendants, and that the cross-claims among the Defendants have thereby been resolved, any

2

reference to the terms or conditions of the settlements would be improper under Rules 408, 403, and 402 of the Federal Rules of Evidence.

DATED: Honolulu, Hawaii, February 13, 2006.

_____
MICHAEL K. LIVINGSTON
MARK S. DAVIS
Attorneys for Plaintiffs