IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>           Plaintiffs,<br><br>vs.<br><br>JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10;<br><br>           Defendants. | CIVIL NO. 04-00285 DAE-BMK<br>(Other Non-Vehicle Tort)<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| JEFFREY LOWE AND LINDA LOWE,<br><br>           Third-Party Plaintiffs,<br><br>vs.<br><br>STEVEN J. KOTT AND KOTT, INC.<br><br>           Third-Party Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION**

Plaintiff brings her Motion in Limine No. 4 to preclude any reference at trial to the terms of the settlements that she has entered into with the Tenant Defendants. By virtue of the good faith determinations made by the Court in connection with each of these settlements, all cross-claims among the settling Tenant Defendants and the non-settling Lowe Defendants have been resolved. Although it is appropriate, and even necessary, that the jury know that the Plaintiff's claims against the Tenant Defendants and the cross-claims among all the Defendants have been resolved through settlement, it would be improper for the terms and conditions of those settlements to be communicated to the jury.

The terms and conditions of the settlements are entirely irrelevant under Rules 401 and 402 of the Federal Rules of Evidence ("FRE"), because such evidence would not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, FRE. Moreover, even if there was some marginal relevancy to the terms and conditions of the settlements, that evidence should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, FRE. Finally, Rule 408, FRE,

2

specifically prohibits the admission of evidence of the terms and conditions of the settlements:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, or (3) mediation or attempts to mediate a claim which was disputed, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromised negotiations or mediation proceedings is likewise not admissible. . . .

Rule 408, FRE.

For the foregoing reasons, it would be improper for the jury to be informed of any of the terms or conditions of the settlements entered into by Plaintiff and the Tenant Defendants, although the fact that all of the claims and cross claims involving the Tenant Defendants have been resolved through settlement should be communicated to the jury.

DATED: Honolulu, Hawaii, February 13, 2006.

_____
MICHAEL K. LIVINGSTON
MARK S. DAVIS
Attorneys for Plaintiffs

3