IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>            Plaintiffs,<br><br>vs.<br><br>JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10;<br><br>            Defendants. | CIVIL NO. 04-00285 DAE-BMK<br>(Other Non-Vehicle Tort)<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| JEFFREY LOWE AND LINDA LOWE,<br><br>            Third-Party Plaintiffs,<br><br>vs.<br><br>STEVEN J. KOTT AND KOTT, INC.<br><br>            Third-Party Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION**

The Lowe Defendants apparently will attempt to use at trial and introduce into evidence a facsimile letter that appears to contain the signature of Dr. Baumann. Letter dated January 19, 2006, from Patricia Baumann to Ward Fujimoto, Exhibit "A." Dr. Baumann is currently Plaintiff's treating physician. The circumstances that led to the generation of this letter are both mysterious and troubling. Yet, the Court need not even scrutinize these circumstances because there is absolutely no basis on which the Baumann letter can be either authenticated or identified as a condition precedent to admissibility under Rule 901 of the Federal Rules of Evidence ("FRE"). Put simply, there is no evidence whatsoever to support a finding that the Baumann letter is what its proponent claims. Moreover, even if the Lowe Defendants could overcome the threshold hurdle of providing a sufficient basis for authentication and identification of the Baumann letter, the letter would still be inadmissible hearsay under Rule 802, FRE. And, finally, any probative value the letter might have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, rendering the letter inadmissible under Rule 403, FRE.

The Baumann letter appears to be nothing more than an attempt by Dr. Baumann's Case Manager, Jeanette Ramos, to avoid having Dr. Baumann subjected to a deposition. The information that the Lowe Defendants have regarding the generation of this letter is set forth in a letter from the Lowe

2

Defendants' counsel, Ward Fujimoto, to Plaintiff's counsel, Michael Livingston, dated February 2, 2006, which is attached hereto as Exhibit "B." Indeed, Mr. Fujimoto has never had any communication with Dr. Baumann. As Mr. Fujimoto's letter makes clear, he has no information whatsoever regarding who actually prepared or even signed the letter. It is apparent, however, that the motivation for the letter was to obviate the need for Dr. Baumann's deposition to be taken.

After Mr. Fujimoto provided Mr. Livingston with the copy of the Baumann letter, Mr. Livingston requested his investigator, James Martin, to inquire into the circumstances through which Plaintiff's treating physician appeared to have provided a letter regarding Plaintiff's medical condition directly to the Lowe Defendant's counsel. Mr. Martin spoke with a woman who identified herself as Dr. Baumann's Case Manager, Jeannette Ramos, on January 20, 2006. As Mr. Martin explains in his Declaration, attached hereto, Ms. Ramos confirmed to him that (1) Mr. Fujimoto spoke to her only and not to Dr. Baumann; (2) that the letter had been prepared in an attempt to eliminate any need for Dr. Baumann to be subjected to a deposition; (3) that the letter was not intended to state that there is not a causal relationship between the accident and Plaintiff's current condition, but was only intended to state that Dr. Baumann, having seen Ms. Romero only twice,

3

was not in a position to provide any opinion regarding causation; and (4) that the Clinic's Legal Department had "vetted" the Baumann letter.

Significantly, the Baumann letter appears to be inconsistent with the medical records generated by Dr. Baumann in connection with her treatment of Ms. Romero. The medical records clearly document that Ms. Romero was seeking treatment for chronic back pain arising out of her fall through the fire pole hole. The medical records reflect a total of three visits to Dr. Baumann's clinic, with the following entries:

12/20/2005: "This patient is a 34-year-old female with a 3-year-history of back pain after she had a fall. . . ."

01/04/2006: "Patient is a 34-year-old female complaining of a right-sided mid back pain. Approximately three years ago the patient fell from the second story of a building and sustained an L1 compression fracture. She subsequently received a T1-- - L3 spinal fusion. Since this time, she has had a right-sided mid back pain. . . ."

01/17/2006: "This is a 35-year-old female complaining of right-sided mid back pain for the past three years described as dull and achy secondary to a fall three years ago. . . ."

Baumann Medical Records, attached hereto as Exhibit "C."

In short, there are several independently sufficient reasons that the Baumann letter is inadmissible. First, there is a serious question as to whether Dr. Baumann authored the letter. It is therefore unauthenticated and even unidentified, and inadmissible under Rule 901, FRE.

4

Second, the letter is clearly hearsay under Rule 801, FRE, and it does not fall within any exception to the hearsay rule. Accordingly, the letter is inadmissible under Rule 802, FRE. In this regard, it is significant that the real purpose of the letter was not to offer any kind of meaningful medical information or opinion, but was simply to avoid the need to have a deposition taken.

Finally, the letter itself is patently ambiguous and is thus inadmissible under Rule 402 and Rule 403, FRE. There is little or no relevance to a letter that is so unclear that it cannot be understood. And certainly, any tenuous relevancy the Baumann letter might have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

For all of the foregoing reasons, it would be improper and highly prejudicial to permit this letter to be shown to the jury or to be used in any other way in the trial of this case.

DATED: Honolulu, Hawaii, February 13, 2006.

_____
MICHAEL K. LIVINGSTON
MARK S. DAVIS
Attorneys for Plaintiffs