# MATSUI CHUNG
*Attorneys-at-Law*
*A Law Corporation*

Randall Y. S. Chung
Ward F. N. Fujimoto
Paul K. Hoshino
Archie T. Ikehara
Clyde Wm. Matsui

Melanie S. Matsui
James H. Monma
Marilyn S.H. Naitoh
Milton S. Tani

February 2, 2006

Michael K. Livingston, Esq.
Davis Levin Livingston Grande
851 Fort Street, Suite 400
Honolulu, Hawaii 96813

**VIA TELECOPIER AND U.S. MAIL**

RE: Lisa Romero vs. Jeffrey Lowe, et al
Civil No. CV04-00285 DAE BMK (D. Haw.)

Dear Mr. Livingston:

This is to respond to your letters of January 24, 2006 and today relating to Patricia Baumann, M.D.

On December 1, 2005, you informed defense counsel, that Plaintiff Lisa Romero was scheduled to see Dr. Baumann in Atlanta, Georgia and that you would be providing us with Dr. Baumann's records as soon as they became available. In a teleconference on or about December 5, 2005, we requested that you provide us with records relating to Ms. Romero's treatment with Dr. Baumann and also began discussions toward a deposition schedule. On December 9, 2005, we proposed that Dr. Baumann be deposed in Atlanta on January 24, 2006 and requested that your office check with Dr. Baumann regarding her availability.

On January 10, 2006, while the undersigned was in Berkeley, California conducting other depositions in this case, you directed the undersigned to make arrangements for Dr. Baumann's deposition and authorized contact with Dr. Baumann for purposes of her deposition. At that time, we again requested Dr. Baumann's records.

On January 17, 2006, we requested contact information for Dr. Baumann from your office. On January 18, 2006, after finding Dr. Baumann's location through the internet, the undersigned contacted Emory Healthcare, as directed, in order to schedule Dr. Baumann's deposition. I was referred to her assistant, Jeannette Ramos, who informed me that Dr. Baumann was in surgery on Tuesday, January 24, 2006 and would not be available for her deposition. I then inquired as to the possibility of doing a telephonic deposition between January 30, 2006 and February 3, 2006.

---

*Suite 1400 Mauka Tower • Pacific Guardian Center • 737 Bishop Street • Honolulu, Hawaii 96813*
*Telephone Number (808) 536-3711 • Facsimile Number (808) 599-2979*

EXHIBIT B

Michael K. Livingston, Esq.
February 2, 2006
Page 2

At that point, Ms. Ramos inquired as to why we were trying to schedule Dr. Baumann's deposition. I stated that we wanted to explore causation issues as to Dr. Baumann's treatment and Ms. Romero's fall on January 1, 2003. Ms. Ramos then asked if Dr. Baumann's deposition would still be necessary if we were to receive a letter summarizing Dr. Baumann's opinion as to the causation issue. After suggesting that Ms. Ramos check with you and making clear that we were not seeking to influence Dr. Baumann's opinions in any way, I indicated that such a letter would be appreciated. I gave Ms. Ramos my contact information and our conversation ended.

Following this telephone conversation, I informed you that Dr. Baumann would be in surgery on January 24, 2006 and, accordingly, her deposition was cancelled. Upon receipt of Dr. Baumann's letter on January 19, 2006, I immediately forwarded a copy of the letter to you.

On Friday, January 20, 2006, you and I appeared for a settlement conference with Judge Kurren and you did not make any mention of any objections to Dr. Baumann's letter.

On January 24, 2006, while I was already on the deposition trip for this case, in Las Cruces, New Mexico, my office received your January 24, 2006 letter. It should also be noted that you and I were together, for the same deposition trip, on Thursday, January 26, 2006 (for the depositions of Alice Romero and Gilbert Romero in Santa Fe New Mexico) and on Friday, January 27, 2006 (for the depositions of Richard Gill and Robert Griswold), and had several discussions on a variety of matters, and not once was any mention made of Dr. Baumann's letter or the allegations of your January 24, 2006 letter. If you had asked, I would have informed you of the foregoing and that, as indicated by the foregoing, I did not speak with Dr. Baumann directly at any time and, therefore, did not discuss Ms. Romero's "medical care or condition" with her. Moreover, I did not discuss Ms. Romero's care or condition with Ms. Ramos.

It should also be observed that, even if such a discussion had taken place, your client would have previously waived any objections to the same by placing her medical care and condition in issue in this case. See HRE Rule 504(d)(3); Dubin v. Wakuzawa, 89 Hawai'i 188, 970 P.2d 496 (1998) (plaintiff waived any claim to confidentiality of medical and psychiatric health information by placing such matters in issue); Glover v. Grace Pacific Corp., 86 Hawai'i 154, 160, 948 P.2d 575, 581 (Ct. App. 1997).

Michael K. Livingston, Esq.
February 2, 2006
Page 3

 

Thank you for your time and attention to this matter. Should you have any questions or comments, or if the foregoing is incorrect, please do not hesitate to contact the undersigned.

          Very truly yours,

          MATSUI CHUNG

          By _____
              WARD F. N. FUJIMOTO

WFNF:jda