IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>        Plaintiffs,<br><br>vs.<br><br>JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10;<br><br>        Defendants. | CIVIL NO. 04-00285 DAE-BMK<br>(Other Non-Vehicle Tort)<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION** |
| JEFFREY LOWE AND LINDA LOWE,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>STEVEN J. KOTT AND KOTT, INC.<br><br>        Third-Party Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

I. **INTRODUCTION**

It is clear from the Lowe Defendants' pretrial filings, including their Pretrial Statement, that they intend to take the position at trial that Plaintiff was impaired by alcohol at the time that she fell through the fire pole/hole in the early morning hours of January 1, 2003, and that this impairment was a cause of the fall. *There is no competent evidence to support such a position.*

Although there is baseless testimony throughout the deposition record in this case that Plaintiff was intoxicated at the time of her fall, all of this testimony is pure speculation and rank hearsay. The only two people who were in a position to have direct knowledge of whether Plaintiff was impaired by alcohol at the time of her fall are Plaintiff and, possibly, Defendant Severson. Plaintiff adamantly denies that she was intoxicated, and Defendant Severson has testified that he would be "speculating" if he were to conclude that Plaintiff was impaired at the time of her fall. There is absolutely zero evidence in the medical records, including the Emergency Room records, suggesting, much less establishing, that Ms. Romero was intoxicated at the time of the fall. When their statements were taken by insurance representatives shortly after the incident, not one of the Tenant Defendants stated that Plaintiff was impaired by alcohol at the time of her fall. To the contrary, they told the investigators that Ms. Romero was not intoxicated. It

2

was only after the lawsuit was filed that several of the Tenant Defendants testified that they had heard from other people that Plaintiff had been intoxicated the night of the incident.

Yet, despite the utter lack of any competent evidence to prove that Ms. Romero was impaired by alcohol at the time of her fall, it is clear that the Lowe Defendants are determined to advance the position at trial that Plaintiff fell through the fire pole hole because she was drunk. Indeed, this appears to be a major theme of their defense in this case.

In order for alcohol consumption to be relevant in a case, there must be sufficient competent evidence to permit the jury to find: (1) that the plaintiff was impaired by alcohol at the time of the incident; and (2) that there was a causal relationship between plaintiff's intoxication and the incident. Rules 401, 402, and 403, Federal Rules of Evidence ("FRE"); see also, e.g., Rapoza v. Parnell, 83 Haw. 78, 86, 924 P.2d 572, 580 (Haw. I.C.A. 1996).

## II. THERE IS NO COMPETENT EVIDENCE THAT PLAINTIFF WAS IMPAIRED BY ALCOHOL AT THE TIME OF HER FALL THROUGH THE FIRE POLE HOLE

It is undisputed in this case that there were only two people present during the evening of December 31, 2002, up until the time of Lisa's fall through the fire pole/hole in the early morning hours of January 1, 2003: Plaintiff Lisa Romero and Defendant Matthew Severson. It is therefore clear that these are the only two

witnesses competent to provide testimony which respect to whether Plaintiff was impaired by alcohol at the time that she fell through the fire pole/hole, and, if so, whether that impairment was causally related to her fall through the hole. Plaintiff has testified unequivocally in deposition that she was not impaired by alcohol at any time during the evening of December 31, 2002, up to the time of her fall during the early morning hours of January 1, 2003. The following exchange, which took place during Plaintiff's deposition, is indicative:

> Q. Did you at any point in that evening feel inebriated from the alcohol that you drank?
> A. No.
> Q. Did you feel any effect from the alcohol that you drank that night?
> A. No.

Deposition of Lisa Romero, taken January 10, 2005, page 75, Exhibit A.

In addition, Plaintiff submitted a Declaration to this Court in opposition to the Lowe Defendants' Motion for Summary Judgment in which she states, "I was not intoxicated or impaired by alcohol at the time I fell through the fire pole hole." Declaration of Lisa Romero, Exhibit B. When Defendant Severson was asked in deposition whether he thought Plaintiff was impaired from alcohol consumption on the night of her fall, he conceded that he would be speculating if he were to answer the question:

> Q. And do you have an understanding as to whether or not Lisa was impaired from alcohol consumption that night?
> A. . . .Lisa is the kind of girl who would drink a drink for drink with me. So if I was, then I would only speculate that she was as well.

4

Deposition of Matthew Severson taken on April 12, 2005, pages 150-151, Exhibit C.

In his recorded statement provided to a representative of Liberty Mutual Insurance on March 21, 2003, Defendant Severson expressed his opinion that Plaintiff was <u>not</u> impaired by alcohol at the time of her fall:

> A: Right. I mean if you personally asked me the influence of the alcohol at that time was, I would like to say it was non-existent but I definitely was not aware of the affects when I had woken up.
> Q: Yeah, for you it wore off already.
> A: Right, and for her she didn't, I'm going to make a gross [sic], she did not, I mean you'd have to ask her but she did not seem impaired.

Recorded Statement of Matthew Severson taken March 21, 2003, page 14, Exhibit D.

It is also significant that there is no evidence whatsoever in the medical records suggesting that Plaintiff was intoxicated at the time of her injury. There is no reference in either the Castle Medical Center emergency room documents, or in the Straub Clinic and Hospital documents even suggesting that Plaintiff was intoxicated at the time of her fall. Not only was there no urine analysis or blood alcohol test performed, there was no mention of alcohol consumption preceding the fall in the history notes or the physical examination notes made by any of the treating physicians or nurses, much less any suggestion that Plaintiff was intoxicated at the time of her fall.

5

No other witness has any direct knowledge regarding the amount of alcohol consumed by Plaintiff in the evening of December 31, 2002, or of whether Plaintiff was impaired by alcohol at the time of her fall, or whether, if so, her impairment was causally related to her fall.

### III. EVIDENCE OF PLAINTIFF'S ALCOHOL CONSUMPTION DURING THE EVENING OF DECEMBER 31, 2002, IS INADMISSIBLE

Here, there is no question that it would be highly prejudicial if the Lowe Defendants were permitted to offer any testimony or argument that Plaintiff was impaired by alcohol at the time of her fall. The Hawaii Supreme Court has explicitly recognized that "the evidence of drinking is highly prejudicial . . . ." Loevsky v. Carter, 70 Haw. 419, 430, 773 P.2d 1120, 1127 (1989).[1] It is also entirely irrelevant unless there is competent evidence sufficient to establish that the consumption of alcohol caused an impairment which, in turn, caused the accident. The Lowe Defendants cannot get beyond the first step in this chain of proof.

---

[1] See also, e.g., Crews v. Seven Springs Mountain Resort, 874 A.2d 100, 108 (Pa. 2005) ("This Court has stated, 'when recklessness or carelessness is at issue, proof of intoxication is relevant, but the mere fact of consuming alcohol is not admissible, being unfairly prejudicial, unless it reasonably establishes intoxication.' Cusatis v. Reichert, 267 Pa.Super. 247, 406 A.2d 787 (1979). In Billow v. Farmers Trust Co., 438 Pa. 514, 266 A.2d 92 (1970), the Supreme Court affirmed the exclusion of proffered testimony of a doctor 'who apparently would have stated that, in his opinion, a man with a blood alcohol content of .14 would be affected in his driving' because such testimony, by itself, 'falls short of the requirement that the evidence show 'a degree of intoxication which proves unfitness to drive.'" Id. at 93. Pennsylvania courts have indicated that something more than a 'suggestion of intoxication' is necessary in order for evidence to be admissible.")

6

Because there is not sufficient competent evidence to permit the jury to find that Ms. Romero was impaired by alcohol at the time that she fell through the fire pole hole, the evidence of her drinking does not have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence of her drinking therefore is not relevant under Rule 401 of the Federal Rules of Evidence ("FRE") and must be excluded under Rule 402, FRE.

Yet, even if the Court were to find that there is sufficient competent evidence to permit the jury to infer that Ms. Romero was intoxicated at the time of her fall, the evidence of her drinking still would be irrelevant and inadmissible because there is no competent evidence that intoxication was causally connected with Plaintiff's fall through the fire pole hole. In this regard, the Hawaii Supreme Court has made it clear that "the influence of intoxicating liquor does not constitute actionable negligence or contributory negligence unless there is a causal relationship between the intoxication and the accident." McKenna v. Volkswagenwerk Aktiengesellschast, 57 Haw. 460, 467, 558 P2d 1018, 1023 (Haw. S. Ct. 1977).

Finally, evidence of Plaintiff's drinking on the evening of December 31, 2002, should be excluded even if the Court determines that it would not be pure speculation for the jury to conclude that Plaintiff was impaired by alcohol at the

7

time of her fall and that this impairment was a substantial factor in causing the fall. Under the circumstances, the evidence of Plaintiff's drinking still should be excluded under Rule 403, FRE, because the marginal relevance of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, and because the introduction of this evidence would sidetrack the trial into a needless inquiry that would be a waste of time. Rule 403, FRE.

## IV.   CONCLUSION

Although the record is replete with speculation, conjecture and hearsay suggesting that plaintiff was intoxicated at the time of her fall, the only two people who are competent to testify regarding these matters are Plaintiff and Defendant Severson. Plaintiff denies that she was not impaired by alcohol, and Defendant Severson concedes that he does not know whether Ms. Romero was intoxicated. Without question, there is insufficient competent evidence for the jury reasonably to conclude that Plaintiff was impaired by alcohol at the time of her fall, and, if so, that her intoxication was causally related to her fall. Under these circumstances, it would be improper and highly prejudicial to permit evidence of Plaintiff's alcohol consumption to be submitted to the jury. Such evidence falls short of meeting the definition of "relevant evidence" under Rule 401, FRE, because it would not have any tendency to make the existence of any factor that is consequence to the

determination of the action more probable or less probable than it would be without the evidence. Moreover, even if evidence of Plaintiff's alcohol consumption of the evening of December 31, 2002, had some marginal relevance, that evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, and because it would be a waste of time to pursue such a line of inquiry. See Rule 403, FRE.

For the reasons set forth above, it would be improper and highly prejudicial to permit any evidence of Plaintiff's alcohol consumption in the evening of December 31, 2002, to reach the jury. Therefore, Plaintiff respectfully requests that her Motion in Limine No. 7 be granted.

DATED: Honolulu, Hawaii, February 13, 2006.

_____
MICHAEL K. LIVINGSTON
MARK S. DAVIS
Attorneys for Plaintiffs