IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>    Plaintiffs,<br><br>vs.<br><br>JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10;<br><br>    Defendants. | CIVIL NO. 04-00285 DAE-BMK<br>(Other Non-Vehicle Tort)<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| JEFFREY LOWE AND LINDA LOWE,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>STEVEN J. KOTT AND KOTT, INC.<br><br>    Third-Party Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION**

Defendant Mindy Hebert (fka Mindy Wilder), who is one of the settling Tenant Defendants, testified in her deposition about a telephone exchange that she had with Plaintiff in which she recalls Plaintiff asking for her address in order to send her a birthday card. Ms. Hebert went on to speculate that "in reality all she was doing was getting my address to have me summoned or give the court document." Deposition of Mindy Hebert taken on April 19, 2005, page 52. She based this speculation of the fact that she never received a birthday card, but was served with the Complaint in this lawsuit. Id.

The only conceivable relevance of this evidence would be as putative evidence of Plaintiff's character. It is clear, however, that the character of a witness may not be proved by extrinsic evidence or by evidence of specific instances of conduct. Rule 405 of the Federal Rule of Evidence provides that proof of character "may be made by testimony as to reputation or by testimony in the form of an opinion," allowing inquiry into relevance specific instances of conduct only on cross examination. Rule 405(a), FRE. Subsection (b) of Rule 405 provides that proof of specific instances of a person's conduct is only admissible "in cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense . . . ." Rule 405(b), FRE. Moreover, Rule 608, FRE, provides as follows:

(a) Opinion and reputation evidence of character.

2

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
>
> (b) Specific instances of conduct.
> Specific instances of conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Rule 608, FRE.

Rule 608 thus buttresses Rule 405, and makes clear that the deposition testimony of Ms. Hebert is inadmissible.

Rule 403 provides yet additional support for excluding this speculative testimony from Ms. Hebert. It is clear that any relevancy of her opinion would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and by considerations of waste of time. See Rule 403, FRE.

Finally, there can be no question that Ms. Hebert lacks the requisite personal knowledge to support her speculation that Plaintiff did not intend to send her a birthday card when she requested her address in the subject telephone conversation. Her testimony is inadmissible under Rule 602, FRE.

For the foregoing reasons, it would be improper and highly prejudicial to permit Ms. Hebert's deposition testimony regarding her telephone communication with Plaintiff in which Plaintiff requested her address to be presented to the jury.

DATED: Honolulu, Hawaii, February 13, 2006.

_____
MICHAEL K. LIVINGSTON
MARK S. DAVIS
Attorneys for Plaintiffs