IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>       Plaintiff,<br>vs.<br><br>JEFFREY LOWE; LINDA LOWE;<br>MATTHEW RAY SEVERSON; BRETT<br>SCHELAND; BENJAMIN ALLEN WILDER;<br>MINDY WILDER; GEORGE KLAUS, III;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATION 1-10; DOE<br>PARTNERSHIPS 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>       Defendants<br><br>JEFFREY LOWE and LINDA LOWE,<br><br>       Third-Party<br>       Plaintiffs<br>vs.<br><br>STEVEN J. KOTT and KOTT, INC.<br><br>       Third-Party<br>       Defendants. | CIVIL NO. CV04-00285 DAE BMK<br><br>DEFENDANTS AND THIRD-PARTY<br>PLAINTIFFS JEFFREY LOWE AND<br>LINDA LOWE'S MEMORANDUM IN<br>SUPPORT OF THEIR MOTION IN<br>LIMINE NO. 8 TO PRECLUDE<br>REFERENCE TO RICHARD GILL |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND
LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN
LIMINE NO. 8 TO PRECLUDE REFERENCE TO RICHARD GILL

I.   INTRODUCTION/SUMMARY OF ARGUMENT:

     This action arises out of a dispute over liability, causation and damages in connection with Plaintiff LISA ROMERO's fall on New Years Eve, December 31, 2002/January 1, 2003, through an open fireman's pole/hole (hereinafter "Subject Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the

second story of a residence on premises (hereinafter "Subject Premises") located at 111 Hauoli Street, Kailua, Hawaii, owned by Defendants JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE Defendants") and leased to Defendants MATTHEW RAY SEVERSON, BRETT SCHELAND, BENJAMIN ALLEN WILDER, MINDY WILDER and GEORGE KLAUS, III.

It is undisputed that Defendant MATTHEW RAY SEVERSON removed the iron metal safety railing that had been surrounding the firepole/hole sometime in November 2002 and did not tell LOWE Defendants of this removal.  In her deposition, Plaintiff admitted that had Defendant MATTHEW RAY SEVERSON not removed the iron metal safety railing, she would not have fallen through the hole. Deposition of Lisa Romero (Vol. I), taken on January 10, 2005, at 54:11-21, a true copy of which is attached hereto as Exhibit "A".  Plaintiff also admitted that she was intending to use the restroom and she walked the wrong way. Id. at 76:14-22; 81:19-21; Deposition of Lisa Romero (Vol. II), taken on January 11, 2005, at 279:7-9, a true copy of which is attached hereto as Exhibit "B".

In its November 3, 2005 Order (1) Granting Third-Party Defendants Steven J. Kott And Kott Inc.'s Motion For Summary Judgment Filed 3/31/05; (2) Granting In Part And Denying In Part Defendant Matthew Ray Severson's Motion For Summary Judgment Filed 3/23/05; (3) Granting In Part And Denying In Part In Part

2

And Denying In Part Defendants Jeffrey Lowe And Linda Lowe's Motion For Summary Judgment Filed 3/7/05; and (4) Granting In Part And Denying In Part Defendants George Klaus III And Brett Scheland's Motion For Summary Judgment Filed 5/11/05 (hereinafter "Summary Judgment Order"), this Court determined that there was a genuine issue of material fact as to whether LOWE Defendants knew or should have known about Defendant SEVERSON's removal of the railing and failed to take reasonable steps to eliminate the risk or warn others about it. Id. at 24. In addition, and given that Plaintiff had already admitted that she would not have fallen if the iron safety railing had not been removed, this Court ordered that the railing was not a legal cause of Plaintiff's fall and the height of the railing and/or whether or not it complied with the Uniform Building Code was irrelevant to Plaintiff's negligence claims and that the relevant hazard was the "unguarded" fireman's pole and hole in the floor. Id. at 11-15.

Although the LOWE Defendants filed a Third-Party Complaint against the predecessor owner-builder of the firepole/hole, former Third-Party Defendants STEVEN KOTT and KOTT, INC., Plaintiff did not "amend over" to state any direct claims against the prior owner-builder. In any event, the Court's Summary Judgment Order, over LOWE Defendants' opposition, entered summary judgment in favor of the owner-

3

builder on the basis that "the alleged unreasonably dangerous condition properly at issue in this case is not the original gated firepole, but the rather the unguarded hole left when Defendant SEVERSON removed the gate." Id. at 17.

Despite the Court's Order, Plaintiff's Pretrial Statement and expert witness disclosures indicate that Plaintiff will be seeking to call Richard Gill as a safety/human factors expert witness and/or otherwise refer to his opinions concerning the absence of a building permit covering the firepole/hole at 111 Hauoli Street residence and/or its alleged non-compliance with the Uniform Building Code and other issues. Copies of Richard Gill's reports are attached hereto as Exhibits "C" and "D" for the Court's reference. As more fully set forth below, LOWE Defendants respectfully request an order precluding Plaintiff and her respective attorneys, representatives, and lay and expert witnesses, from referring to, discussing, commenting upon, mentioning or in any way suggesting or introducing any evidence and/or testimony relating to or concerning Richard Gill.

II.  ARGUMENT:

LOWE Defendants' Motion In Limine No. 8 To Preclude Reference To Richard Gill should be granted for reasons including the following.

A.  RICHARD GILL'S OPINIONS ARE IRRELEVANT.

FRE Rule 402 provides as follows:

> **Relevant evidence generally admissible; irrelevant evidence inadmissible.** All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

In turn, FRE Rule 401 defines "relevant evidence" as follows:

> **Definition of "relevant evidence".** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Courts have applied similar standards to exclude evidence of non-conformities with a municipal building code in a premises liability case where such non-conformities did not legally cause the plaintiff's fall. See Brown v. Bonnin, 132 N.H. 488, 566 A.2d 1149 (1989) (alleged defects in dimensions of stairway and handrail were irrelevant where plaintiff slipped on a slippery substance on the stairway).

In addition, one of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses and narrow the issues for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986). Accordingly, Rule 56(d) of the Federal Rules of Civil Procedure requires that a trial be conducted according to what material facts are actually and in good faith controverted in light of prior summary judgment orders.

In the instant case, the Court has <u>already</u> ruled that lack of compliance with the Uniform Building Code is irrelevant to the proper issues in this case where it did not legally cause Plaintiff's fall. This Court has already ruled that the relevant hazard is the unguarded firepole/hole and that the height of the railing surrounding the firepole/hole is irrelevant. Plaintiff has also admitted that had the iron safety railing not been removed, she would not have fallen. Accordingly, any issues regarding a lack of a building permit and/or non-compliance with the Uniform Building Code including, but not limited to, opinions and purported measurements on the part of Richard Gill, have no bearing on the proper issues in this case, and are irrelevant and inadmissible.

B. <u>RICHARD GILL'S LEGAL OPINIONS ARE INADMISSIBLE</u>.

Independently of its lack of relevance, Richard Gill's opinions as to the interpretation and compliance with the Hawaii Residential Landlord-Tenant Code are opinions of statutory interpretation and conclusions of law. In particular, his opinions alleging "irresponsibility" on the part of the LOWE

6

Defendants invade the province of the jury and this Court and are highly objectionable.

Under FRE Rule 702, expert opinions are only admissible if they would assist the trier of fact to understand the evidence or to determine a fact in issue. Accordingly, the United States Court of Appeals for the Ninth Circuit and many other courts have generally held that expert opinions that merely tell the jury what result to reach and/or otherwise invade the province of the Court (in deciding legal issues and instructing the jury) are inadmissible. See Mukhtar v. California State University, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002); United States v. Parsons Co., 195 F.3d 457, 462 (9th Cir. 1999); Kayfetz v. A.M. Best Roofing, 832 So.2d 784, 786 (Fla. Dist. Ct. App. 2002); Edward J. Seibert v. Bayport Beach and Tennis Club Assn., 573 So.2d 889, 891-92 (Fla Dist. Ct. App. 1991); Earhart v. Brown, 702 So.2d 976, 982 (La. Ct. App. 1997). Accord Create 21 Chuo, Inc. v. Southwest Slopes, 81 Hawai`i 512, 522 n.4, 918 P.2d 1168, 1178 n.4 (Ct. App. 1996).

Moreover, FRE Rule 702 limits expert testimony to persons qualified by knowledge, skill, training, experience, or education and does not allow for opinions outside of the expertise of a purported expert witness. See, e.g., Jerden v. Amstutz, 430 F.3d 1231, 1239-40 (9th Cir. 2006). While Richard Gill may be well qualified as an engineer, he is not, and never

7

has been, a Hawaii judge, lawyer, legislator, city official, or building inspector, and therefore is not qualified to give opinions on statutory interpretation of the Hawaii Residential Landlord Tenant Code or other conclusions of law beyond his expertise. Under these circumstances, Richard Gill's opinions are inadmissible.

  C. RICHARD GILL LACKS HAWAII EXPERT QUALIFICATIONS.

As noted above, FRE Rule 702 requires experts to be sufficiently qualified by knowledge, skill, training, experience, or education and does not allow for opinions outside of the expertise of a purported expert witness. See, e.g., Jerden v. Amstutz, 430 F.3d 1231, 1239-40 (9th Cir. 2006). In addition, in order for his opinions to be admissible, a "standard of care" expert must possess such qualifications with reference to the locality of the defendant. See id.; Jinro v. Secure Investments, Inc., 266 F.3d 993, 1005-06 (9th Cir. 2001); Glaser v. Pullman & Comley LLC, 88 Conn. App. 615, 629, 871 A.2d 392, 401 (2005); Boyd v. Lynch 493 So.2d 1315 (Miss. 1986); Ramsey v. Reagan Burris Dierksen Lamon & Bluntzer PLLC, 2003 WL 124206 (Tex. App. 2003).

In United States v. Johnson, 285 F.2d 35 (9th Cir. 1961), the United States Court of Appeals for the Ninth Circuit specifically held that an out-of-state real property manager lacked sufficient qualifications to render expert opinions as to

8

property located in Marin County, California where his experience was limited to another state.

Likewise, in the instant case, while Richard Gill is an investor in the Aston Executive Center hotel pool, he is not himself a landlord for any long-term leases in Hawaii and has never been a property manager in Hawaii or any other state. Deposition of Richard Gill, taken on January 25, 2006, at 34:7 35:1, a true copy of which is attached hereto as Exhibit "E". He does not consider himself to be an expert in landlord-tenant law. Id. at 24:1-6. Other than a vague recollection as to a possible OSHA position paper and/or orthopedic studies regarding firemen, Richard Gill did not do any literature review and does not have any background or expertise with regard to firepole/holes. Id. at 24:9 - 28:6.

Since Mr. Griswold lacks sufficient expert qualifications relating to Hawaii, or any other expertise with regard to firepole/holes, his opinions are inadmissible.

D.   RICHARD GILL'S OPINIONS ARE UNRELIABLE.

Under FRE Rules 702 and 703, and the United States Supreme Court's opinion in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) expert testimony is inadmissible where it is not supported by reliable analysis and methodology.

9

Lack of reliability exists when the purported expert witness does not do any inspection or investigation with respect to instrumentality at issue. See Kumho Tire Co. v. Carmichael, 526 U.S.137 (1999) (affirming exclusion of mechanical engineer's testimony that accident was caused by a tire defect where it could not be reliably supported by examination of the tire in question); Weisgram v. Marley Co., 120 S.Ct. 1011, 1021 (2000) (excluding expert opinion as to defect in part where part was destroyed by underlying fire and not available for inspection).

In the instant case, Richard Gill did not do any physical inspection of the firepole/hole and all of Richard Gill's opinions with regard to the firepole/hole arise out of his purported photogrammetric analysis of a single photograph embedded in his report. See Exhibit "C" attached hereto. As this Court has already recognized, photogrammetric analysis does not allow anyone to conduct measurements or draw conclusions "with any degree of meaningful certainty." Boone v. United States, 743 F. Supp. 1367, 1372-73 (D. Hawai`i 1990), aff'd, 944 F.2d 1489 (9th Cir. 1991). See also J.B. Transport, Inc. v. General Motors Corp., 243 F.3d 441 (8th Cir. 2001) (holding that a reconstructionist's opinion was inadmissible where photographs themselves were insufficient to formulate an opinion as to underlying accident); Nichols v. Continental Airlines, Inc.,

2002 WL 1724017 (D. Me. 2002) (safety expert's opinions were inadmissible where he did not examine the seat in question).

Since Richard Gill's purported measurements and opinions all derive from photogrammetric analysis, his methodology is inherently unreliable and the resulting opinions are inadmissible.

In addition, Richard Gill's opinions are speculative and inadmissible where they lack a factual basis in that Plaintiff herself cannot recall the specific details of her fall (other than she had walked the wrong way while going to the bathroom) and there are no other eyewitnesses to Plaintiff's fall. See Jaurequi v. Carter Manufacturing Co., 173 F.3d 1076, 1083-84 (8th Cir. 1999) (speculative human factors opinions were inadmissible); Rising-Moore v. Red Roof Inns, Inc., 368 F. Supp. 2d 867 (S.D. Ind. 2005) (disallowing speculative human factors opinions that were irrelevant to the known facts surrounding plaintiff's fall).

Moreover, Richard Gill's human factors and safety opinions are inadmissible where they would not assist the jury with any knowledge that would be in addition to the jury's common sense, common understandings, and common experiences. See Lyden v. Winer, 913 P.2d 451 (Wyo. 1996) (human factors opinions as to safety of stairway where issues were not beyond average person's experience and understandings); Nichols v.

Continental Airlines, Inc., 2002 WL 1724017 (D. Me. 2002) (safety expert's opinions as to safety were inadmissible where jury could sort out issues based on testimony of fact witnesses and jury's own common experience); Torres v. K-Mart Corp., 145 F. Supp. 2d 161 (D.P.R. 2001) (safety engineer's opinions were inadmissible where jury could determine negligence issues without expert assistance); Saldana v. K-Mart Corp., 260 F.3d 228 (3d Cir. 2001) (safety expert opinion was inadmissible where it would not assist the trier of fact to decide whether store unreasonably failed to detect hazard); K-Mart Corp. v. Honeycutt, 24 S.W.3d 357 (Texas 2000) (human factors and safety opinions were inadmissible where jury did not need any special interpretation of facts in determining negligence issues).

Absent a reliable, non-speculative methodology that would be of assistance to the jury, Richard Gill's opinions are not admissible.

      E.    ANY PROBATIVE VALUE OF RICHARD GILL'S OPINIONS WOULD BE SUBSTANTIALLY OUTWEIGHED BY A DANGER OF UNFAIR PREJUDICE AND JURY CONFUSION AND BY CONSIDERATIONS OF UNDUE DELAY, WASTE OF TIME AND NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE.

Even assuming arguendo, but not admitting, that Richard Gill's opinions are relevant and otherwise admissible in this action, such evidence is inadmissible under FRE Rule 403, which provides as follows:

**Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In Locricchio v. Legal Services Corp., 833 F.2d 1352 (9th Cir. 1987), the United States Court of Appeals for the Ninth Circuit affirmed this Court's FRE Rule 403 exclusion of evidence relating to communications other than the communication underlying the plaintiff's defamation claim.

Courts have applied similar rationales to exclude evidence of non-compliance with building codes where such evidence would mislead and confuse the jury. See Brown v. Bonnin, 132 N.H. 488, 566 A.2d 1149 (1989) (expert opinions as to alleged defects in dimensions of stairway and handrail were inadmissible where any probative value of such evidence was substantially outweighed by danger that jury would be misled and confuse the issues as to plaintiff's fall on a slippery substance on the stairway); Kiehner v. School District of Philadelphia, 712 A.2d 830 (Pa. Cmwlth. 1998) (expert witness' references to city building code were inadmissible where they would have misled and confused the jury).

Likewise, Richard Gill's opinions would mislead the jury, and create undue prejudice and confusion of the issues in

that the jury would be diverted away from the actual causal facts surrounding Plaintiff's fall, namely, the removal of the railing and Plaintiff's own negligence and fault with regard to the firepole/hole and would instead would be presented with evidence that has nothing to do with the circumstances surrounding Plaintiff's fall.  More importantly, the jury would be confused and misled into holding LOWE Defendants to a standard of care that is not warranted by the facts of this case.

In addition, such evidence would create undue delay, waste of time and needless presentation of cumulative evidence in that the LOWE Defendants would be forced to respond to such evidence with expert opinions and additional testimonial and documentary evidence and thus consume valuable trial time.  In the Pretrial Conference, this Court gave Plaintiff the option of proceeding on February 28, 2006 with only six available trial days or a continuance and Plaintiff elected that trial proceed on February 28, 2006 with a limited amount of trial time.  This limited amount of trial time should be limited to the actual circumstances surrounding Plaintiff's fall.

Under these circumstances, it is respectfully submitted that any probative value of Richard Gill's opinions is substantially outweighed by FRE Rule 403 dangers and should be precluded.

III. <u>CONCLUSION</u>:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully submitted that LOWE Defendants' Motion In Limine No. 8 To Preclude Reference To Richard Gill should be granted.

DATED: HONOLULU, HAWAII,   February 13, 2006

*/s/ Ward F.N. Fujimoto*
RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE

15