IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>            Plaintiff,<br><br>    vs.<br><br>JEFFREY LOWE; LINDA LOWE;<br>MATTHEW RAY SEVERSON; BRETT<br>SCHELAND; BENJAMIN ALLEN WILDER;<br>MINDY WILDER; GEORGE KLAUS, III;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATION 1-10; DOE<br>PARTNERSHIPS 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>            Defendants<br><br>JEFFREY LOWE and LINDA LOWE,<br><br>            Third-Party<br>            Plaintiffs<br>    vs.<br><br>STEVEN J. KOTT and KOTT, INC.<br><br>            Third-Party<br>            Defendants. | CIVIL NO. CV04-00285 DAE BMK<br><br>DEFENDANTS AND THIRD-PARTY<br>PLAINTIFFS JEFFREY LOWE AND<br>LINDA LOWE'S MEMORANDUM IN<br>SUPPORT OF THEIR MOTION IN<br>LIMINE NO. 9 TO PRECLUDE<br>REFERENCE TO CUMULATIVE DAMAGES<br>WITNESSES |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND LINDA
LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE
NO. 9 TO PRECLUDE REFERENCE TO CUMULATIVE DAMAGES WITNESSES

   I.   INTRODUCTION/SUMMARY OF ARGUMENT:

    This action arises out of a dispute over liability, causation and damages in connection with Plaintiff LISA ROMERO's fall on New Years Eve, December 31, 2002/January 1, 2003, through an open fireman's pole/hole (hereinafter "Subject Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the

second story of a residence on premises (hereinafter "Subject Premises") located at 111 Hauoli Street, Kailua, Hawaii, owned by Defendants JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE Defendants") and leased to Defendants MATTHEW RAY SEVERSON, BRETT SCHELAND, BENJAMIN ALLEN WILDER, MINDY WILDER and GEORGE KLAUS, III.

Plaintiff's Pretrial Statement indicates that Plaintiff intends to call Sharie Sierra and Victoria Vasquez and others as damages witnesses at trial. As more fully set forth below, LOWE Defendants respectfully request an order precluding Plaintiff and her respective attorneys, representatives, and lay and expert witnesses, from referring to, discussing, commenting upon, mentioning or in any way suggesting or introducing any evidence and/or testimony relating to or concerning cumulative damages witnesses other than cumulative damages witnesses other than Plaintiff, Gilbert Romero, Alice Romero, Meredith Minkler and Angela Costanzo (including, but not limited to, Victoria Vasquez and Sharie Sierra).

II. ARGUMENT:

LOWE Defendants' Motion In Limine No. 9 To Preclude Reference To Cumulative Damages Witnesses should be granted for reasons including the following.

Victoria Vasquez is Plaintiff LISA ROMERO's friend and classmate. Sharie Sierra is Plaintiff's sister. Neither of

2

these witnesses were percipient witnesses to the circumstances immediately prior to Plaintiff's fall. Neither of them were present in Hawaii at the time of the Subject Accident and neither of them were present during Plaintiff's surgery or post-surgical recovery in Hawaii.

Their testimony is only relevant, if at all, to Plaintiff's damages. However, they can add nothing to the testimony of Plaintiff, Gilbert Romero, Alice Romero, Meredith Minkler and Angela Costanzo as to such issues and their testimony is therefore cumulative of the testimony of the latter group witnesses.

FRE Rule 403 gives this Court discretion to exclude cumulative damages testimony:

> **Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of <u>undue delay, waste of time, or needless presentation of cumulative evidence.</u>

(Emphasis added).

In the instant case, the testimony of damages witnesses other than Plaintiff, Gilbert Romero, Alice Romero, Meredith Minkler and Angela Costanzo (including, but not limited to, Victoria Vasquez and Sharie Sierra) will create undue delay, waste of time and needless presentation of cumulative evidence

3

in that the former group have equal or better knowledge of the facts. In addition to necessitating time for direct examination, the LOWE Defendants would be forced to respond to such evidence with expert opinions and additional testimonial and documentary evidence and thus consume valuable trial time. In the Pretrial Conference, this Court gave Plaintiff the option of proceeding on February 28, 2006 with only six available trial days or a continuance and Plaintiff elected that trial proceed on February 28, 2006 with a limited amount of trial time. This limited amount of trial time should be limited to the actual circumstances surrounding Plaintiff's fall and non-duplicative damages testimony.

Under these circumstances, it is respectfully submitted that any probative value of cumulative damages witnesses other than Plaintiff, Gilbert Romero, Alice Romero, Meredith Minkler and Angela Costanzo (including, but not limited to, Victoria Vasquez and Sharie Sierra) is substantially outweighed by FRE Rule 403 considerations and should be precluded.

III. CONCLUSION:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully submitted that LOWE Defendants' Motion In Limine No. 9 To

4

Preclude Reference To Cumulative Damages Witnesses should be granted.

        DATED: HONOLULU, HAWAII, <u>February 13, 2006</u>

<u>/s/ Ward F.N. Fujimoto</u>
RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE