IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>   Plaintiff,<br>vs.<br><br>JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>   Defendants<br><br>JEFFREY LOWE and LINDA LOWE,<br><br>   Third-Party Plaintiffs<br>vs.<br><br>STEVEN J. KOTT and KOTT, INC.<br><br>   Third-Party Defendants. | CIVIL NO. CV04-00285 DAE BMK<br><br>DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE NO. 10 TO PRECLUDE REFERENCE TO KULVEEN SACHDEVA |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND
LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN
LIMINE NO. 10 TO PRECLUDE REFERENCE TO KULVEEN SACHDEVA

I.   INTRODUCTION/SUMMARY OF ARGUMENT:

This action arises out of a dispute over liability, causation and damages in connection with Plaintiff LISA ROMERO's fall on New Years Eve, December 31, 2002/January 1, 2003, through an open fireman's pole/hole (hereinafter "Subject Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the

second story of a residence on premises (hereinafter "Subject Premises") located at 111 Hauoli Street, Kailua, Hawaii, owned by Defendants JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE Defendants") and leased to Defendants MATTHEW RAY SEVERSON, BRETT SCHELAND, BENJAMIN ALLEN WILDER, MINDY WILDER and GEORGE KLAUS, III.

Plaintiff's Pretrial Statement and expert witness disclosures indicate that Plaintiff will be seeking to call Kulveen Sachdeva, purportedly as a "treating physician" during trial in this case. However, as more fully set forth below, Kulveen Sachdeva, M.D. is more properly characterized as an expert witness referred by Plaintiff's counsel to Plaintiff and, as such, Plaintiff's failure to serve a FRCP Rule 26(a)(2) disclosure mandates exclusion of Dr. Sachdeva's testimony in this case. In addition, Dr. Sachdeva is a non-surgical neurologist and lacks sufficient qualifications to render relevant opinions as to any possibility of future surgery for Plaintiff.

As more fully set forth below, LOWE Defendants respectfully request an order precluding Plaintiff and her respective attorneys, representatives, and lay and expert witnesses, from referring to, discussing, commenting upon, mentioning or in any way suggesting or introducing any evidence and/or testimony relating to or concerning Kulveen Sachdeva.

2

II. ARGUMENT:

LOWE Defendants' Motion In Limine No. 10 To Preclude Reference To Kulveen Sachdeva should be granted for reasons including the following.

    A.    PLAINTIFF FAILED TO COMPLY WITH FRCP RULE 26(A)(2) AS TO DR. SACHDEVA

FRCP Rule 26(a)(2) requires detailed disclosures with respect to "a witness who is retained or specially employed to provide expert testimony in the case." This Court has held that the expert disclosure deadlines of FRCP Rule 26(a)(2) "are critical to maintaining integrity in court proceedings" and that, where a testifying expert has not met the deadlines, his testimony will be barred. Shapardon v. West Beach Estates, 172 F.R.D. 415, 417 (D. Haw. 1997). Accordingly, the deadlines should not "be cavalierly disregarded by counsel without peril." See id. See also Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105-07 (9th Cir. 2001) (affirming exclusion of expert witness for untimeliness in issuance of written report); Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming district court's disregarding of expert evidence in ruling on motion for summary judgment where expert did not comply with pretrial deadline for written report); Ingram v. ACandS, Inc., 977 F.2d 1332 (9th Cir. 1992); Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378 (9th Cir. 1984).

Once a party fails to meet applicable FRCP Rule 26(a) disclosure requirements, exclusion of undisclosed information under FRCP Rule 37(c) is "automatic" and "self-executing" where such nondisclosure is "without substantial justification." See FRCP Rule 37 Advisory Committee Note to 1993 Amendments.

Plaintiff has not produced any FRCP Rule 26(a)(2) compliant expert disclosure in this case with respect to Dr. Sachdeva.

While this Court in Shapardon also held that treating physicians are not subject to written report/disclosure requirements, this Court also held that, in such instances, the testimony of treating physicians should be limited in scope to their prior examination, diagnosis and treatment of the plaintiff and may not extend to opinions generated after receiving new information from the plaintiff's counsel. Shapardon v. West Beach Estates, 172 F.R.D. 415, 417 (D. Haw. 1997).

In the instant case, it is respectfully submitted that Dr. Sachdeva is not a "treating physician" as contemplated by Shapardon in the pure and proper sense. As confirmed by Dr. Sachdeva's initial questionnaire form, dated June 11, 2004, Plaintiff was referred to Dr. Sachdeva by her law firm, Davis Levin Livingston Grande in light of Dr. Sachdeva's prior work in connection with the law firm's former client, Augustine Joseph.

4

See Exhibit "A" attached hereto; Deposition of Kulveen Sachdeva, taken on January 11, 2006, at 36:1 - 37:5, a true copy of which is attached hereto as Exhibit "B". Dr. Sachdeva received, on September 24, 2004, and later filled out, a litigation form entitled "Line Of Questioning For Medical Expert" for Plaintiff's vocational expert witness Thomas Yankowski, P.E. and another questionnaire for Plaintiff's life care planning expert Glenda Evans-Shaw. See id. at 56:2 - 63:10. Exhibits "C" - "D" attached hereto. Dr. Sachdeva also participated in a teleconference on December 7, 2004 with Plaintiff, Mr. James Martin of the Davis Levin Livingston Grande lawfirm and Mr. Yankowski to review Plaintiff's case and her medical condition. Exhibit "B" at 18:2 - 20; 63:19 - 64:8. Dr. Sachdeva was compensated by Plaintiff's counsel for this conference call. See Exhibit "E" attached hereto.

In light of the foregoing, Dr. Sachdeva was clearly more than just a "treating physician" within the meaning of Shapardon and supplied opinions indicating that she was, in substance, an expert witness for which disclosures are required under FRCP Rule 26(a)(2). Since no such disclosure was made by Plaintiff, Dr. Sachdeva's opinions must be excluded under FRCP Rule 37(c)(1).

      B.    DR. SACHDEVA'S OPINIONS AS TO FUTURE SURGERY AND/OR PAIN AND SUFFERING ARE INADMISSIBLE.

During her deposition, Dr. Sachdeva alluded to a possibility that Plaintiff might require future surgery. However, she did not know, to a reasonable degree of medical probability, that surgery would be required at some point in the future. Exhibit "B" at 83:19 - 84:4.

In order to be entitled to damages for future pain and suffering and/or surgery under Hawaii law, Plaintiff bears the burden of establishing, through competent expert testimony within a reasonable degree of medical probability, that she will in fact sustain future pain and suffering and/or require surgery in the future and a mere "possibility" is insufficient. See Bachran v. Morishige, 52 Hawai`i 61, 68-69, 469 P.2d 808, 813 (1970); Franco v. Fujimoto, 47 Hawai`i 408, 390 P.2d 740 (1964).

Inasmuch as Dr. Sachdeva can only testify as to a "possibility" and not a reasonable degree of medical probability, as to future pain and suffering and/or surgery on the part of Plaintiff, her testimony is irrelevant for purposes of FRE Rule 402 and speculative, unreliable and inadmissible under FRE Rules 702 and 703.

In addition, while Dr. Sachdeva is board certified in neurology, she is not certified and not qualified in neurosurgery. Exhibit "B" at 14:17 -22. FRE Rule 702 requires experts to be sufficiently qualified by knowledge, skill,

training, experience, or education and does not allow for opinions outside of the expertise of a purported expert witness. Dr. Sachdeva is not a neurosurgeon and lacks the expertise to render opinions that would require a neurosurgical opinion. See, e.g., Jerden v. Amstutz, 430 F.3d 1231, 1239-40 (9th Cir. 2006).

Since Dr. Sachdeva lacks expertise as to neurosurgery, any opinions as to such surgery in the future for Plaintiff are inadmissible and should be excluded.

III. CONCLUSION:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully submitted that LOWE Defendants' Motion In Limine No. 10 To Preclude Reference To Kulveen Sachdeva should be granted.

DATED: HONOLULU, HAWAII, February 13, 2006

RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE