IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO, | ) CIVIL NO. CV04-00285 DAE BMK |
| | ) |
| Plaintiff, | ) DEFENDANTS AND THIRD-PARTY |
| | ) PLAINTIFFS JEFFREY LOWE AND |
| vs. | ) LINDA LOWE'S MEMORANDUM IN |
| | ) SUPPORT OF THEIR MOTION IN |
| JEFFREY LOWE; LINDA LOWE; | ) LIMINE NO. 11 TO PRECLUDE |
| MATTHEW RAY SEVERSON; BRETT | ) REFERENCE TO LOST EARNINGS |
| SCHELAND; BENJAMIN ALLEN WILDER; | ) DAMAGES |
| MINDY WILDER; GEORGE KLAUS, III; | ) |
| JOHN DOES 1-10; JANE DOES 1-10; | ) |
| DOE CORPORATION 1-10; DOE | ) |
| PARTNERSHIPS 1-10; and DOE | ) |
| GOVERNMENTAL ENTITIES 1-10, | ) |
| | ) |
| Defendants | ) |
| | ) |
| JEFFREY LOWE and LINDA LOWE, | ) |
| | ) |
| Third-Party | ) |
| Plaintiffs | ) |
| vs. | ) |
| | ) |
| STEVEN J. KOTT and KOTT, INC. | ) |
| | ) |
| Third-Party | ) |
| Defendants. | ) |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND
LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN
LIMINE NO. 11 TO PRECLUDE REFERENCE TO LOST EARNINGS DAMAGES

I.    INTRODUCTION/SUMMARY OF ARGUMENT:

This action arises out of a dispute over liability,

causation and damages in connection with Plaintiff LISA ROMERO's

fall on New Years Eve, December 31, 2002/January 1, 2003,

through an open fireman's pole/hole (hereinafter "Subject

Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the



second story of a residence on premises (hereinafter "Subject Premises") located at 111 Hauoli Street, Kailua, Hawaii, owned by Defendants JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE Defendants") and leased to Defendants MATTHEW RAY SEVERSON, BRETT SCHELAND, BENJAMIN ALLEN WILDER, MINDY WILDER and GEORGE KLAUS, III.

Although Plaintiff's Pretrial Statement confirms that Plaintiff is currently employed as the National Director For The Adolescents At Risk Program for the Centers For Disease Control in Atlanta, Georgia, it also indicates that Plaintiff will be seeking damages for "past economic loss" and "future economic loss" and Plaintiff's expert witness disclosures indicate that Plaintiff will be seeking lost earnings damages. To the extent that Plaintiff seeks damages for lost earnings, Plaintiff's failure to serve a FRCP Rule 26(a)(1) compliant calculation of such damages mandates exclusion. In addition, such damages are speculative and inadmissible given the evidence in this case.

As more fully set forth below, LOWE Defendants respectfully request an order precluding Plaintiff and her respective attorneys, representatives, and lay and expert witnesses, from referring to, discussing, commenting upon, mentioning or in any way suggesting or introducing any evidence and/or testimony relating to or concerning lost earnings damages including, but not limited to, lost wages, lost earnings, and


lost earning capacity and the opinions of Thomas Yankowski and Joanna Moss, Ph.D. related to the same.

4    II.   ARGUMENT:

LOWE Defendants' Motion In Limine No. 11 To Preclude Reference To Lost Earnings Damages should be granted for reasons including the following.

A.    PLAINTIFF FAILED TO COMPLY WITH FRCP RULE 26(A)(1) AS TO LOST EARNINGS DAMAGES

FRCP Rule 26(a)(1) Plaintiff to serve "a computation of any category of damages claimed".  In City and County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003), the court, after considerable research, noted that the purpose of this requirement is to allow a party to prepare for trial and make an informed decision about settlement and then held as follows:

> Given these purposes, the plaintiff should provide more than a lump sum statement of the damages allegedly sustained.  As one treatise explained:
>
> The meaning of "category" of damages is not clear.  Presumably, however, it requires more than merely the broad types of damages ("wrongful death," or " property damage," "bodily injury," etc.).  To make the disclosure obligation meaningful, a more detailed specification of damages is apparently required: For example, in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for "general"



> damages (pain, suffering or disfigurement)
> as well as "special" damages (medical bills,
> lost wages, cost of repairing damaged
> property, etc.).
>
> Rutter Group, Fed. Civ. Proc. Before Trial §
> 11:166 (2001). Moreover, the "computation"
> of damages required by Rule 26(a)(1)(C)
> contemplates some analysis;  for instance,
> in a claim for lost wages, there should be
> some information relating to hours worked
> and pay rate. See Bullard v. Roadway Exp.,
> 3 Fed.Appx. 418, 420 (6th Cir.2001)
> (unpublished). See also U.S. v. Rempel,
> 2001 WL 1572190 (D.Alaska 2001) at *2
> (government required to disclose computation
> of tax liability, the functional equivalent
> of damages calculation in a tort case);
> First Nat. Bank of Chicago v. Ackerley
> Communications, Inc., 2001 WL 15693 at *6,
> n. 6 (S.D.N.Y.2001) (calculation of damages
> requires more than merely setting forth
> figure demanded); Kleiner v. Burns, 2000 WL
> 1909470 at *2 (D.Kan.2000) (defendant is
> generally entitled to a "specific
> computation" of damages).

(Emphasis added); see also Ware v. Rodale Press, Inc., 322 F.3d
218 (3d Cir. 2003) (affirming exclusion of evidence of damages
where plaintiff did not timely meet disclosure requirements
under discovery order and dismissal of case);  cf. Shapardon v.
West Beach Estates, 172 F.R.D. 415, 417 (D. Haw. 1997) (expert
disclosure deadlines of FRCP Rule 26(a)(2) "are critical to
maintaining integrity in court proceedings").

Once a party fails to meet applicable FRCP Rule 26(a)
disclosure requirements, exclusion of undisclosed information
under FRCP Rule 37(c) is "automatic" and "self-executing" where



such nondisclosure is "without substantial justification."  <u>See</u>
FRCP Rule 37 Advisory Committee Note to 1993 Amendments.

Plaintiff has not produced any timely FRCP Rule
26(a)(1) compliant expert disclosure in this case with respect
to any economic loss, including, but not limited to, lost wages,
lost earnings, and lost earning capacity.  In fact, Plaintiff's
Pretrial Statement continues and maintains the lack of
disclosure by failing to detail calculations of "past economic
loss" and "future economic loss".

Since Plaintiff has not complied with FRCP Rule
26(a)(1) with regard to her lost earnings damages, such damages
are inadmissible and must be excluded under FRCP Rule 37(c)(1).

B.    PLAINTIFF'S LOST EARNINGS ARE SPECULATIVE AND
      INADMISSIBLE.

Under Hawaii law, Plaintiff bears the burden of
establishing lost earnings with reasonable certainty and an
award for lost earnings cannot be based upon mere speculation or
guesswork.  <u>Tanuvasa v. City and County of Honolulu</u>, 2 Hawai`i
App. 102, 115-17, 626 P.2d 1175, 1184-85 (1981).  In <u>Condron v.</u>
<u>Harl</u>, 46 Hawai`i 66, 374 P.2d 613 (1962), the leading case on
lost earnings, the Hawai`i Supreme Court held that lost earnings
are not legally awardable as a result of an accident where they
are inconsistent with a plaintiff's prior performance and work

status at the time of the accident and did not result from any disability caused by the defendant.

In Franco v. Fujimoto, 47 Hawai`i 408, 390 P.2d 740 (1964), the Hawai`i Supreme Court held that lost earnings were not awardable where there was no showing that Plaintiff was, in fact, medically disabled, and the Plaintiff had realized an increase in pay following an underlying accident.

Applying similar standards, courts have held that a lost earning capacity claim premised on a college or graduate degree in the area of health is speculative and inadmissible where the Plaintiff had not actually received the degree at the time of the underlying accident and it was speculative that the plaintiff would have achieved better employment. See Bernard v. Royal Insurance Co., 586 So.2d 607 (La. Ct. App. 1991); Suhre v. Jefferson Parrish School Board, 601 So.2d 718 (La. Ct. App. 1992); Woodfield v. Dugas, 450 So.2d 1011 (La. Ct. App. 1984).

In the instant case, Plaintiff has been capable of finishing her degree and obtaining full time employment, at least since September 24, 2004. See Exhibit "A" attached hereto. The facts are that Plaintiff has not yet completed her dissertation and not yet received her doctorate degree at U.C. Berkeley but instead has opted to take a full-time position at the Centers For Disease Control as a National Director For The Adolescents At Risk Program for the Centers For Disease Control

in Atlanta, Georgia.  It was, and is highly speculative that Plaintiff would have achieved a greater position where she has not yet finished her degree.

Moreover, to the extent that Plaintiff had a greater earning capacity with a degree, Plaintiff was under a duty to finish her degree in order to mitigate her damages.  Under Hawaii law, the plaintiff has a duty to make every reasonable effort to mitigate his damages.  The burden, however, is upon the defendant to prove that mitigation is possible, and that the injured party has failed to reasonable steps to mitigate his or her damages.  Tabieros v. Clark Equipment Co., 85 Hawai`i 336, 373, 944 P.2d 1279, 1316 (1997); Malani v. Clapp, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975).  Among other things, this duty to mitigate  includes a duty to make every reasonable effort to seek suitable alternative employment.  Tabieros, 85 Hawai`i at 393-94, 944 P.2d at 1336-37.  Having failed to mitigate her damages, Plaintiff cannot now claim a loss of earning capacity premised upon the same degree.

The speculative nature of Plaintiff's claim for lost earnings damages is not saved by the opinions of Thomas Yankowski or Joanna Moss, Ph.D., which are themselves speculative and inadmissible under FRE Rules 702 and 703 and FRE Rule 403.

1.    Thomas Yankowski.  Thomas Yankowski is
Plaintiff's vocational expert witness who conducted a functional
capacity evaluation, labor market survey, and vocational reports
premised on an erroneous assumption that Plaintiff was
functionally disabled from her fall.

Under Daubert v. Merrell Dow Pharmaceuticals, Inc.,
509 U.S. 579 (1993) and its progeny, courts have generally held
that vocational experts who, like Mr. Yankowski, lack expertise
to render medical opinions, cannot render admissible opinions on
such disabilities and/or lost earnings and lost earning capacity
in the absence of an underlying medical opinion as to the
plaintiff's medical level of disability   See, e.g.,  Broussard
v. University of California at Berkeley, 192 F.3d 1252 (9th Cir.
1999) (plaintiff's vocational expert's opinion was insufficient
to establish a substantial limitation of a major life activity
in ADA case); Ammons v. Aramark Uniform Services, Inc., 368 F.3d
809 (7th Cir. 2004) (plaintiff's vocational expert's opinion was
speculative and unreliable as to whether or not employee could
perform job functions in ADA case); Smith v. M.V. Woods
Construction Co., 309 A.D.2d 1155, 764 N.Y.S.2d 749 (2003)
(plaintiff's vocational expert was not qualified to express
opinion on past and future lost earnings, and future medical
expenses); Garland v. Rossknecht,  2001 S.D. 42, 624 N.W.2d 700
(2001) (Plaintiff's expert economist was unqualified to render

opinion that plaintiff was disabled and his opinion was not admissible where such testimony was based solely on plaintiff's self-appraisal of work capacities); Phillips v. Industrial Machine, 257 Neb. 256, 597 N.W.2d 377 (1999) (plaintiff's vocational expert was not qualified to render opinion as to plaintiff's alleged disability).

In EEOC v. Rockwell International Corp., 60 F. Supp. 2d 791 (N.D. Ill. 1999), in which the United States District Court for the Northern District of Illinois applied Daubert and excluded, as unreliable, the opinions of a plaintiff's vocational expert who, as in the instant case, had formulated his opinion by relying on self-serving information from plaintiff and his attorneys, before receiving any factual opinion from any medical expert.

In the instant case, Mr. Yankowski likewise formulated his final opinions as to Plaintiff's lack functional capacity, before sending his "Line of Questioning For Medical Expert" to Kulveen Sachdeva, M.D. in September 2004. Compare Exhibit "A" with Exhibit "B" attached hereto; see also Deposition of Thomas Yankowski, taken on January 12, 2006, at 55-56, attached hereto as Exhibit "D". Dr. Sachdeva's responses to that document did not cause Mr. Yankowski to alter his functional capacity evaluation. Id. at 56. Mr. Yankowski did not speak to any of Plaintiff's treating neurosurgeons, Todd Thompson, M.D., Robert

Fink, M.D., or John Zovickian, M.D.  Id. at 57.  Despite Dr.
Sachdeva's 2004 responses indicating that Plaintiff could work
on a full-time basis with limitations, Mr. Yankowski's updated
report prognosticates, without medical support, that she will
only be able to work on a part-time basis in August 2006.
Compare Exhibit "A" with Exhibit "C" attached hereto.

Under these circumstances, it is respectfully
submitted that Mr. Yankowski's opinions are speculative,
unreliable and inadmissible under FRE Rules 702, 703, and 403.

2.  Joanna Moss.  Joanna Moss, Ph.D. is Plaintiff's
expert economist whose calculations of lost earnings are totally
dependent upon Mr. Yankowski's speculative opinions and are,
therefore, speculative and inadmissible in themselves.  See
Masinter v. Tenneco Oil Co., 929 F.2d 191 (5th Cir. 1991)
(affirming exclusion of speculative economist opinions);
Tabieros v. Clark Equipment Co., 85 Hawai`i 336, 390-91, 944
P.2d 1279, 1333-34 (1997) (economist's opinion as to lost future
earnings was speculative and inadmissible in the absence of
medical opinions as to a permanent disability).

Dr. Moss's opinions as to Plaintiff's lost earnings
should be excluded for an additional independent reason.  Under
HRS § 663-8.3, any amount of lost earnings damages must take
into account the effect of income taxes.  Dr. Moss did not, in
her opinion, take income taxes into account.  See Deposition of



Joanna Moss, Ph.D., taken on January 9, 2006, at 62, a true copy of which is attached hereto as Exhibit "E".

Since Dr. Moss' opinions are speculative and violative of HRS §663-8.3, her opinions are inadmissible and should be excluded.

III.  <u>CONCLUSION</u>:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully submitted that LOWE Defendants' Motion In Limine No. 11 To Preclude Reference To Lost Earnings Damages should be granted.

DATED: HONOLULU, HAWAII,  February 13, 2006

RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE