IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JEFFREY LOWE; LINDA LOWE; MATTHEW RAY SEVERSON; BRETT SCHELAND; BENJAMIN ALLEN WILDER; MINDY WILDER; GEORGE KLAUS, III; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>　　　　Defendants<br><br>JEFFREY LOWE and LINDA LOWE,<br><br>　　　　Third-Party<br>　　　　Plaintiffs<br>　vs.<br><br>STEVEN J. KOTT and KOTT, INC.<br><br>　　　　Third-Party<br>　　　　Defendants. | CIVIL NO. CV04-00285 DAE BMK<br><br>DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE NO. 12 TO PRECLUDE REFERENCE TO MEDICAL SPECIAL DAMAGES |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND
LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN
LIMINE NO. 12 TO PRECLUDE REFERENCE TO MEDICAL SPECIAL DAMAGES

　I.　INTRODUCTION/SUMMARY OF ARGUMENT:

　　　This action arises out of a dispute over liability, causation and damages in connection with Plaintiff LISA ROMERO's fall on New Years Eve, December 31, 2002/January 1, 2003, through an open fireman's pole/hole (hereinafter "Subject Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the

second story of a residence on premises (hereinafter "Subject Premises") located at 111 Hauoli Street, Kailua, Hawaii, owned by Defendants JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE Defendants") and leased to Defendants MATTHEW RAY SEVERSON, BRETT SCHELAND, BENJAMIN ALLEN WILDER, MINDY WILDER and GEORGE KLAUS, III.

Although Plaintiff's Pretrial Statement confirms that Plaintiff is currently employed as the National Director For The Adolescents At Risk Program for the Centers For Disease Control in Atlanta, Georgia, it also indicates that Plaintiff will be seeking medical special damages for "past medical expenses" and "future life care costs and "special future needs" and Plaintiff's expert witness disclosures indicate that Plaintiff will be seeking such damages. To the extent that Plaintiff seeks damages for past and future medical expenses, Plaintiff's failure to serve a FRCP Rule 26(a)(1) compliant calculation of such damages mandates exclusion. In addition, future medical special damages are speculative and inadmissible given the evidence in this case.

As more fully set forth below, LOWE Defendants respectfully request an order precluding Plaintiff and her respective attorneys, representatives, and lay and expert witnesses, from referring to, discussing, commenting upon, mentioning or in any way suggesting or introducing any evidence

2

and/or testimony relating to or concerning medical special damages, including, but not limited to, the opinions of Glenda Evans Shaw and Joanna Moss, Ph.D., related to the same.

4   II.   ARGUMENT:

LOWE Defendants' Motion In Limine No. 12 To Preclude Reference To Medical Special Damages should be granted for reasons including the following.

    A.   PLAINTIFF FAILED TO COMPLY WITH FRCP RULE 26(A)(1) AS TO MEDICAL SPECIAL DAMAGES

FRCP Rule 26(a)(1) Plaintiff to serve "a computation of any category of damages claimed". In <u>City and County of San Francisco v. Tutor-Saliba Corp.</u>, 218 F.R.D. 219, 221 (N.D. Cal. 2003), the court, after considerable research, noted that the purpose of this requirement is to allow a party to prepare for trial and make an informed decision about settlement and then held as follows:

> Given these purposes, the plaintiff should provide more than a lump sum statement of the damages allegedly sustained. As one treatise explained:
>
> The meaning of "category" of damages is not clear. Presumably, however, it requires more than merely the broad types of damages ("wrongful death," or " property damage," "bodily injury," etc.). <u>To make the disclosure obligation meaningful, a more detailed specification of damages is apparently required: For example, in a personal injury case, the nature and extent</u>

3

> <u>of any injuries suffered must be disclosed, including amounts claimed for "general" damages (pain, suffering or disfigurement) as well as "special" damages (medical bills, lost wages, cost of repairing damaged property, etc.).</u>
>
> Rutter Group, Fed. Civ. Proc. Before Trial § 11:166 (2001). <u>Moreover, the "computation" of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate.</u> See Bullard v. Roadway Exp., 3 Fed.Appx. 418, 420 (6th Cir.2001) (unpublished). See also U.S. v. Rempel, 2001 WL 1572190 (D.Alaska 2001) at *2 (government required to disclose computation of tax liability, the functional equivalent of damages calculation in a tort case); First Nat. Bank of Chicago v. Ackerley Communications, Inc., 2001 WL 15693 at *6, n. 6 (S.D.N.Y.2001) (calculation of damages requires more than merely setting forth figure demanded); Kleiner v. Burns, 2000 WL 1909470 at *2 (D.Kan.2000) (defendant is generally entitled to a "specific computation" of damages).

(Emphasis added); see also Ware v. Rodale Press, Inc., 322 F.3d 218 (3d Cir. 2003) (affirming exclusion of evidence of damages where plaintiff did not timely meet disclosure requirements under discovery order and dismissal of case); cf. Shapardon v. West Beach Estates, 172 F.R.D. 415, 417 (D. Haw. 1997) (expert disclosure deadlines of FRCP Rule 26(a)(2) "are critical to maintaining integrity in court proceedings").

Once a party fails to meet applicable FRCP Rule 26(a) disclosure requirements, exclusion of undisclosed information

4

under FRCP Rule 37(c) is "automatic" and "self-executing" where such nondisclosure is "without substantial justification." See FRCP Rule 37 Advisory Committee Note to 1993 Amendments.

Plaintiff has not produced any timely FRCP Rule 26(a)(1) compliant expert disclosure in this case with respect to any past or future medical expenses. In fact, Plaintiff's Pretrial Statement continues and maintains the lack of disclosure by failing to detail calculations of "past medical expenses" by providers and the underlying documentation supporting such calculations.

Since Plaintiff has not complied with FRCP Rule 26(a)(1) with regard to her medical special damages, such damages are inadmissible and must be excluded under FRCP Rule 37(c)(1).

    B.    PLAINTIFF'S FUTURE MEDICAL SPECIAL DAMAGES ARE SPECULATIVE AND INADMISSIBLE.

Under Hawaii law, Plaintiff bears the burden of Plaintiff bears the burden of establishing, via medical expert testimony within a reasonable degree of medical probability, the reasonableness and necessity of treatments and that they are attributable to the underlying tort. Ho v. Leftwich, 88 Hawai`i 251, 256, 965 P.2d 793, 798 (1998).

A plaintiff cannot recover damages for future medical expenses unless plaintiff proves by competent expert testimony,

5

within a reasonable degree of medical probability, that such expenses will be medically necessary. See Bachran v. Morishige, 52 Hawai`i 61, 68-69, 469 P.2d 808, 813 (1970) (citing Franco v. Fujimoto, 47 Hawai`i 408, 390 P.2d 740 (1964)).

In the instant case, Plaintiff's current pain management treatment provider, Patricia Baumann, M.D., has opined that it is "not possible" to establish a causal relationship between Plaintiff's fall and her current medical treatment and her current medical condition also occurs due to degenerative changes without preceding trauma. See Exhibit "A" attached hereto. Plaintiff's medical expert, Kulveen Sachdeva, M.D., has also admitted that she does not know, within a reasonable degree of medical probability, that Plaintiff will require future surgery. Deposition of Kulveen Sachdeva, taken on January 11, 2006, at 83:19 - 84:4, a copy of which is attached hereto as Exhibit "B".

Inasmuch as Plaintiff's current condition cannot be causally linked to her fall, and there is no reasonable medical probability that Plaintiff will require future surgery, any claim by Plaintiff to future medical special damages is speculative.

The speculative nature of Plaintiff's claim for lost earnings damages is not saved by the opinions of Plaintiff's Life Care Planner, Glenda Evans-Shaw, or Joanna Moss, Ph.D.,

which are themselves speculative and inadmissible under FRE Rules 702 and 703 and FRE Rule 403.

        1.   <u>Glenda Evans-Shaw</u>.  Glenda Evans Shaw is Plaintiff's Life Care Planner expert witness who is a nurse but is not licensed to practice medicine and cannot offer medical opinions but prepared a life care plan based on an erroneous assumption that Plaintiff would be permanently functionally disabled from her fall.

        Courts have held that a nurse is not qualified to render opinions that should be given by a medical doctor.  <u>See</u>, <u>e.g.</u>, <u>Jerden v. Amstutz</u>, 430 F.3d 1231, 1239-40 (9th Cir. 2006) (neurosurgical nurse practitioner was not qualified to render expert neurosurgical opinions); <u>Smith v. American Transitional Hospitals, Inc.</u>, 330 F. Supp. 2d 1358 (S.D. Ga. 2004) (a nurse is not qualified as a medical expert and cannot testify to a reasonable degree of medical probability as to medical causation issues); <u>Elswick v. Nichols</u>, 144 F. Supp. 2d 758 (E.D. Ky. 2001) (a nurse is not qualified to render expert opinions on diagnosis or medical causation).

        In the instant case, Glenda Evans Shaw's Life Care Plan lacks a factual basis and is speculative and inadmissible where it does not reflect Plaintiff's current medical condition and is not supported by qualified medical opinions within a

reasonable degree of medical probability as to Plaintiff's future medical needs.

Under these circumstances, it is respectfully submitted that Ms Evans-Shaw's opinions are speculative, unreliable and inadmissible under FRE Rules 702, 703, and 403.

2.  Joanna Moss.  Joanna Moss, Ph.D. is Plaintiff's expert economist whose calculations of Plaintiff's future medical needs are totally dependent upon Glenda Evans-Shaw's speculative Life Care Plan and are, therefore, speculative and inadmissible in themselves.  See Masinter v. Tenneco Oil Co., 929 F.2d 191 (5th Cir. 1991) (affirming exclusion of speculative economist opinions); Tabieros v. Clark Equipment Co., 85 Hawai`i 336, 390-91, 944 P.2d 1279, 1333-34 (1997) (economist's opinion as to lost future earnings was speculative and inadmissible in the absence of medical opinions as to a permanent disability).

Since Dr. Moss's calculations as to Plaintiff's Life Care Plan is speculative, it is inadmissible and should be excluded.

III. CONCLUSION:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully

submitted that LOWE Defendants' Motion In Limine No. 12 To Preclude Reference To Medical Special Damages should be granted.

DATED: HONOLULU, HAWAII, February 13, 2006

                                                  RANDALL Y.S. CHUNG
WARD F.N. FUJIMOTO
Attorneys for Defendants
and Third-Party Plaintiffs
JEFFREY LOWE and LINDA LOWE