IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA ROMERO,<br><br>        Plaintiff,<br>vs.<br><br>JEFFREY LOWE; LINDA LOWE;<br>MATTHEW RAY SEVERSON; BRETT<br>SCHELAND; BENJAMIN ALLEN WILDER;<br>MINDY WILDER; GEORGE KLAUS, III;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATION 1-10; DOE<br>PARTNERSHIPS 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>        Defendants<br><br>JEFFREY LOWE and LINDA LOWE,<br><br>        Third-Party<br>        Plaintiffs<br>vs.<br><br>STEVEN J. KOTT and KOTT, INC.<br><br>        Third-Party<br>        Defendants. | CIVIL NO. CV04-00285 DAE BMK<br><br>DEFENDANTS AND THIRD-PARTY<br>PLAINTIFFS JEFFREY LOWE AND<br>LINDA LOWE'S MEMORANDUM IN<br>SUPPORT OF THEIR MOTION IN<br>LIMINE NO. 13 TO PRECLUDE<br>REFERENCE TO GENERAL DAMAGES |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS JEFFREY LOWE AND
LINDA LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN
LIMINE NO. 13 TO PRECLUDE REFERENCE TO GENERAL DAMAGES

I.    INTRODUCTION/SUMMARY OF ARGUMENT:

       This action arises out of a dispute over liability, causation and damages in connection with Plaintiff LISA ROMERO's fall on New Years Eve, December 31, 2002/January 1, 2003, through an open fireman's pole/hole (hereinafter "Subject Accident") in Defendant MATTHEW RAY SEVERSON's bedroom, on the

second story of a residence on premises (hereinafter "Subject Premises") located at 111 Hauoli Street, Kailua, Hawaii, owned by Defendants JEFFREY LOWE and LINDA LOWE (hereinafter "LOWE Defendants") and leased to Defendants MATTHEW RAY SEVERSON, BRETT SCHELAND, BENJAMIN ALLEN WILDER, MINDY WILDER and GEORGE KLAUS, III.

Plaintiff's Pretrial Statement indicates that Plaintiff will be seeking general damages in an unspecified amount. To the extent that Plaintiff seeks past and future general damages, Plaintiff's failure to serve a FRCP Rule 26(a)(1) compliant calculation of such damages mandates exclusion. In addition, future general damages are speculative and inadmissible given the evidence in this case.

As more fully set forth below, LOWE Defendants respectfully request an order precluding Plaintiff and her respective attorneys, representatives, and lay and expert witnesses, from referring to, discussing, commenting upon, mentioning or in any way suggesting or introducing any evidence and/or testimony relating to or concerning general damages, including, but not limited to, pain and suffering damages and emotional distress.

II. ARGUMENT:

LOWE Defendants' Motion In Limine No. 13 To Preclude Reference To General Damages should be granted for reasons including the following.

### A. PLAINTIFF FAILED TO COMPLY WITH FRCP RULE 26(A)(1) AS TO GENERAL DAMAGES

FRCP Rule 26(a)(1) Plaintiff to serve "a computation of any category of damages claimed". In City and County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003), the court, after considerable research, noted that the purpose of this requirement is to allow a party to prepare for trial and make an informed decision about settlement and then held as follows:

> Given these purposes, the plaintiff should provide more than a lump sum statement of the damages allegedly sustained. As one treatise explained:
>
> The meaning of "category" of damages is not clear. Presumably, however, it requires more than merely the broad types of damages ("wrongful death," or " property damage," "bodily injury," etc.). To make the disclosure obligation meaningful, a more detailed specification of damages is apparently required: For example, in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for "general" damages (pain, suffering or disfigurement) as well as "special" damages (medical bills, lost wages, cost of repairing damaged property, etc.).

3

>Rutter Group, Fed. Civ. Proc. Before Trial § 11:166 (2001). <u>Moreover, the "computation" of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate</u>. See Bullard v. Roadway Exp., 3 Fed.Appx. 418, 420 (6th Cir.2001) (unpublished). See also U.S. v. Rempel, 2001 WL 1572190 (D.Alaska 2001) at *2 (government required to disclose computation of tax liability, the functional equivalent of damages calculation in a tort case); First Nat. Bank of Chicago v. Ackerley Communications, Inc., 2001 WL 15693 at *6, n. 6 (S.D.N.Y.2001) (calculation of damages requires more than merely setting forth figure demanded); Kleiner v. Burns, 2000 WL 1909470 at *2 (D.Kan.2000) (defendant is generally entitled to a "specific computation" of damages).

(Emphasis added); <u>see also</u> <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218 (3d Cir. 2003) (affirming exclusion of evidence of damages where plaintiff did not timely meet disclosure requirements under discovery order and dismissal of case); <u>cf</u>. <u>Shapardon v. West Beach Estates</u>, 172 F.R.D. 415, 417 (D. Haw. 1997) (expert disclosure deadlines of FRCP Rule 26(a)(2) "are critical to maintaining integrity in court proceedings").

    Once a party fails to meet applicable FRCP Rule 26(a) disclosure requirements, exclusion of undisclosed information under FRCP Rule 37(c) is "automatic" and "self-executing" where such nondisclosure is "without substantial justification." See FRCP Rule 37 Advisory Committee Note to 1993 Amendments.

Plaintiff has not produced any timely FRCP Rule 26(a)(1) compliant expert disclosure in this case with respect to any past or future general damages. In fact, Plaintiff's Pretrial Statement continues and maintains the lack of disclosure by failing to mention any sum claimed for general damages.

Since Plaintiff has not complied with FRCP Rule 26(a)(1) with regard to her general damages, such damages are inadmissible and must be excluded under FRCP Rule 37(c)(1).

    B.    PLAINTIFF'S FUTURE GENERAL DAMAGES ARE SPECULATIVE AND INADMISSIBLE.

Under Hawaii law, damages for pain and suffering are not to be determined by guesswork or speculation. Where the issue as to pain or suffering is subjective in nature, Plaintiff bears the burden of proffering competent expert opinion (to a reasonable degree of medical probability) and testimony as to the objective cause of such pain and suffering before a trier of fact may be permitted to consider such damages. See Bachran v. Morishige, 52 Hawai`i 61, 68-69, 469 P.2d 808, 813 (1970) (citing Franco v. Fujimoto, 47 Hawai`i 408, 390 P.2d 740 (1964)).

In the instant case, Plaintiff's current pain management treatment provider, Patricia Baumann, M.D., has opined that it is "not possible" to establish a causal

5

relationship between Plaintiff's fall and her current medical treatment and her current medical condition also occurs due to degenerative changes without preceding trauma.  <u>See</u> Exhibit "A" attached hereto.

Inasmuch as Plaintiff's current condition cannot be causally linked to her fall, any claim by Plaintiff to future general damages is speculative, inadmissible and should be excluded.

III. <u>CONCLUSION</u>:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, it is respectfully submitted that LOWE Defendants' Motion In Limine No. 13 To Preclude Reference To General Damages should be granted.

DATED: HONOLULU, HAWAII,   February 13, 2006

  
RANDALL Y.S. CHUNG  
WARD F.N. FUJIMOTO  
Attorneys for Defendants  
and Third-Party Plaintiffs  
JEFFREY LOWE and LINDA LOWE

6